CALDWELL, APPELLANT, *v.* COLUMBUS DEVELOPMENTAL CENTER, APPELLEE.

(No. 88AP-797—Decided March 28, 1989.)

*Michael J. Muldoon,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Beverly Yale Pfeiffer,* for appellee.

REILLY, J. Plaintiff filed a complaint pursuant to R.C. 4123.90 for retaliatory discharge for pursuing her rights under the Ohio Workers' Compensation Act. Defendant moved for summary judgment pursuant to Civ. R. 56, which was opposed by plaintiff. Defendant submitted a reply in support of granting the motion. Defendant's motion for summary judgment was sustained on July 26, 1988, and a judgment entry was filed August 3, 1988. Plaintiff has timely appealed, including the following assignment of error:

"The trial judge herein [erred in] granting defendant's motion for summary judgment pursuant to Ohio Civil Procedural Rule 56 as there were 'genuine issues as to material facts' and therefore summary judgment was not appropriate."

Plaintiff was an employee with defendant from May 26, 1985 through February 9, 1987, the date an order of removal was entered removing plaintiff from her position as a hospital aide. She injured her left hand at work on June 3, 1986. She promptly filed an ap-

plication with the Bureau of Workers' Compensation and her claim was recognized as being a compensable industrial injury. As a result of the injury, her attending physician found she was disabled. Plaintiff states at paragraph two of her affidavit:

"* * * During my entire time off and under the care of my attending physician, my employer was aware of my disability. In fact, I provided the personnel office with documentation as to my disability. Attached are the disability certificate slips that I provided to the employer's personnel department. All requests that I received from the personnel department were complied with."

The disability certificates certified that plaintiff was under the professional care of James C. Cameron, D.O., through November 6, 1986. Also attached to plaintiff's motion in opposition to summary judgment was a letter dated November 12, 1987 from the Industrial Commission's Rehabilitation Division referring plaintiff for consideration for rehabilitation services. The letter indicated a copy was sent to defendant.

Attached to the motion for summary judgment was the affidavit of defendant's superintendent, Susan Arnoczky, Ph.D., who stated:

"8. Vickey Caldwell was employed at CDC from May 26, 1985 through February 8, 1987 as a hospital aide. * * *

"9. Leave of Absence Requests for the Hospital Aide classification were to be made in compliance with Article 31 of the OCSEA/AFSCME labor agreement and CDC Policy #18-86. * * *

"10. A hospital aide is involved directly with the residents and is responsible for attending to their personal hygiene needs, assisting with the development and implementation of clients' rehabilitation plans, assisting in the evaluation of clients' progress. The hospital aide is also responsible for some administrative, housekeeping and training tasks. * * *

"11. From June 25, 1986 through September 10, 1986 Vickey Caldwell was on approved leave of absence from her duties at CDC. * * *

"12. By letter dated October 8, 1986 Vickey Caldwell was informed that an extension of the leave of absence was required since CDC was not able to maintain her on its roles in a no-pay status. * * *

"13. On or about October 10, 1986 Vickey Caldwell submitted leave papers, however they were incomplete. * * *

"14. By letter dated October 15, 1986, signed by Guy Corkwell of CDC's Personnel Department, Vickey Caldwell was notified of deficiencies in said leave forms and that correctly completed forms needed to be submitted by October 20, 1986. * * *

"15. On or about October 29, 1986 Vickey Caldwell submitted a request for leave of absence with a physician's statement. * * *

"16. On January 7, 1987 Vickey Caldwell was notified that she had been in an unapproved absence status since November 6, 1986. * * *

"17. After November 6, 1986, Vickey Caldwell was in an unapproved absence status.

"18. By letter dated January 7, 1987 Vickey Caldwell was notified that leave forms were required by close of business on January 12, 1987. * * *

"19. Vickey Caldwell did not submit leave forms by the close of business on January 12, 1987.

"20. An order of removal was entered removing Vickey Caldwell from her position as hospital aide effective February 9, 1987 for neglect of duty and/or failure to present appropriate leave forms or to provide

remedy for her unapproved absence status. * * *"

Exhibit L, attached to defendant's motion for summary judgment stated, in relevant part:

"The reason for this action is that you have been guilty of Neglect of Duty and/or failure to present appropriate leave forms or to provide remedy for your unapproved absence status in the following particulars, to wit: On October 29, 1986, you provided this agency with a request for a medical leave of absence with a physician's documentation dated 10-28-86 stating that you were totally incapacitated from 10-9-86 through 11-6-86. Since 11-7-86 you have had another party call off for you, but you have been in an unapproved absence status since 11-6-86 when the covering dates of your physician's statement expired. Further, you have failed to contact Columbus Developmental Center to provide information as to your intentions. On January 7, 1987, you were sent a certified letter requesting that you present an appropriate leave request by the close of business January 12, 1987 or provide remedy for your unapproved absence status. You have failed to do this. Therefore, for Neglect of Duty and for failure to present appropriate leave forms or to provide remedy for you [sic] unapproved absence status, you are removed from your position. REMOVED: 2-09-87."

R.C. 4123.90 provides in part:

"No employer shall discharge, demote, reassign, or take any punitive action against any employee because such employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer. * * *"

The issue is whether, in construing the evidence most favorably to plain-tiff, there are genuine issues of material fact raised that plaintiff was removed by defendant because she filed a claim, instituted, or pursued a claim under the Workers' Compensation Act for an injury or occupational disease which occurred in the course of and arising out of her employment with defendant. Any inferences to be drawn from the underlying facts contained in the evidence must be viewed in the light most favorable to the party opposing the motion. We find that, construing the evidence most strongly in favor of plaintiff, pursuant to Civ. R. 56, reasonable minds could reach different conclusions upon the determinative factual issues in this case regarding retaliatory discharge for filing or pursuing a workers' compensation claim.

Defendant maintains that, pursuant to its labor agreement and personnel policy, plaintiff cannot be retained in a no-pay status for a period greater than two weeks. Defendant asserts that plaintiff was on medical leave of absence through November 6, 1986, but from November 7, 1986 through January 12, 1987, she was on no-leave status as the appropriate leave forms were never submitted to defendant. Defendant maintains that construing the evidence in the light most favorable to plaintiff, the sole reason for plaintiff's discharge was her failure to submit requests for leave of absence and she had been on no-pay status for more than two pay periods. Thus, it is defendant's position that defendant did not violate R.C. 4123.90.

At the outset, we note that if an employee is off work because of an industrial injury and is unable to return because of that injury, the employee does not need permission from the employer to be absent from work. The question in this case is whether the employer was notified of the workers' compensation claim, since, with notice,

the employer could not have removed plaintiff for filing a workers' compensation claim.

There is no dispute that plaintiff failed to fill out the requested or appropriate leave forms required by defendant. Nonetheless, construing the evidence most favorably to plaintiff, defendant was well aware and on notice of plaintiff's work-related injury and that her injury was the cause of her continued absence beyond November 6, 1986, notwithstanding that she failed to fill out the appropriate documentation. The affidavit of plaintiff, along with the attached disability certificate slips, establishes reasonable inferences that defendant had knowledge that her claim was recognized as a compensable industrial injury which was the reason for her inability to return to work, regardless of whether she filled out the appropriate documentation. She stated in her affidavit that "[a]ll requests that I received from the personnel department were complied with." Plaintiff stated at the end of her affidavit that "* * * I feel that the employer terminated me because I pursued my benefits under the Ohio Workers' Compensation Act. * * *" Contrary to defendant's position, plaintiff's complaint is based upon more than her general feeling, but rather upon specific facts, which she has alleged in her complaint and affidavit along with supporting documentation.

Hence, there is a reasonable inference raising a genuine issue of material fact as to whether plaintiff was discharged because she filed and pursued a claim under the Workers' Compensation Act for her injury. Considering the above-mentioned evidence, we cannot find that reasonable minds can only reach the conclusion that plaintiff's discharge was because she failed to submit requests for leave of absence, and because she was on no-pay status for more than two pay periods. Such issues must be resolved by the trier of fact.

Plaintiff's assignment of error is well-taken and sustained. The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and MARTIN, JJ., concur.

JOHN D. MARTIN, J., of the Fairfield County Court of Common Pleas, sitting by assignment.