16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kenneth Arvin COPPER, Plaintiff-Appellant,
v.
BUCKEYE STEEL CASTINGS, et al., Defendants-Appellees.
 No. 92-3002.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1994.
 
 Before: BOGGS and SUHRHEINRICH, Circuit Judges; WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 In this diversity action, plaintiff Kenneth Arvin Copper appeals the district court's grant of summary judgment in favor of defendants Buckeye Steel Castings, Eugene Easley, Jr., Carolyn Galford, and Worthington Industries. On appeal, plaintiff challenges the district court's rulings that there was no genuine issue of fact as to his claims of retaliatory discharge, intentional and/or negligent infliction of emotional distress, and age discrimination. Plaintiff also appeals the lower court's conclusion that his breach of implied contract and breach of covenant of good faith and fair dealing claims are preempted by Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185(a).
 
 
 2
 Oral argument was heard on this matter on November 10, 1992. On February 16, 1993, this court certified to the Ohio Supreme Court the following question: "Whether an employer's discharge of an employee for failing to file request for leave forms pursuant to an established medical leave policy violated Ohio Rev.Code Ann. Sec. 4123.90 (Anderson 1991 & Supp.1992) where the employer is aware that the employee's work related injury was the cause of his continued absence from work." We did so because of conflicting decisions in the Ohio appellate courts as to whether such knowledge, on the part of the employer, without more, could give rise to an inference of improper termination to sustain a claim for retaliatory discharge. On November 10, 1993, the Ohio Supreme Court declined to answer the question on the grounds that "it is not appropriate for this court to answer certified questions of state law that are so factually specific in nature."
 
 
 3
 After reviewing the record, the parties' arguments, the district court's thorough opinion, and the applicable law, we conclude that only this issue merits any elaboration. The district court dismissed plaintiff's claim that he was discharged in retaliation for filing a workers' compensation claim in violation of Ohio Rev.Code Ann. Sec. 4123.90 on the grounds that Copper has presented no evidence to suggest that the discharge was retaliatory. In so ruling, the lower court rejected plaintiff's reliance on Caldwell v. Columbus Developmental Ctr., 547 N.E.2d 417 (Ohio App.1989), which held that where an employer is on notice that an employee's continued absence is due to a work-related injury, the employee's failure to file a request-for-leave form does not constitute cause for discharge and creates a reasonable inference that the firing was retaliatory under Ohio Rev.Code Ann. Sec. 4123.90. Id. at 417 (syllabus p 2). In declining to follow Caldwell, the lower court stated that (1) the holding appears to be contrary to the great weight of Ohio authority, (2) even if such an inference as suggested by Caldwell does arise, other Ohio courts have explained that a plaintiff must demonstrate more than an inference for retaliatory discharge to avoid entry of summary judgment.[1]
 
 
 4
 We agree with the district court's refusal to follow Caldwell as an anomaly in Ohio law. We think that if presented with the question, the Ohio Supreme Court would rule that an employee must present some evidence of retaliation, in addition to the employer's enforcement of a valid, written policy. Because plaintiff has not met this burden, summary judgment on this claim was proper. As to plaintiff's remaining claims, they have been thoroughly and adequately disposed of by the district court. We therefore summarily affirm those counts.
 
 
 5
 For all the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 At oral argument before this court, plaintiff asserted that the district court was bound by Caldwell because it was a decision of the Court of Appeals for Franklin County where the instant action originated; and secondly, that it is a published decision and carries more precedential weight than the unreported cases relied upon by the district court. See Rep.R. 2(G)(2) Ohio Supreme Court Rules for the reporting of opinions. Contrary to this suggestion, the district court, and this court are not constrained by Caldwell. As federal courts sitting in diversity, our mission is to discern from all available sources, how the Ohio Supreme Court would rule if confronted with the issue. Although decisions of state courts of appeals on issues of state law are generally treated as authoritative in such situations, In re Akron-Cleveland Auto Rental, Inc., 921 F.2d 659, 662 (6th Cir.1990), this court "need not blindly follow such precedent where we are convinced by other persuasive data that the highest court of the state would decide otherwise." Pratt v. Brown Mach. Co., 855 F.2d 1225, 1234 n. 11 (6th Cir.1988) (quotation omitted)