[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO STRIKE (#105)
ISSUES
Whether this court should grant defendant Otis Spunkmeyer, Inc.'s ("Spunkmeyer") motion to strike count three of plaintiff's complaint on the grounds that: 1) it fails to state any cognizable theory of liability against Spunkmeyer; and 2) plaintiff's injury arose out of and in the course of employment and thus the plaintiff's exclusive remedy against Spunkmeyer is worker's compensation. CT Page 4808
On December 10, 1991, plaintiffs Janet and David Gmyrek filed a three count complaint, counts one and two against individual defendant Terry Lewis, and count three against defendant Otis Spunkmeyer, Inc. ("Spunkmeyer"). The first count alleges that plaintiff Janet Gmyrek (hereinafter "plaintiff") was employed as a customer service representative by Spunkmeyer and that defendant Lewis was her immediate supervisor. Count one alleges that Lewis ordered plaintiff to refrain from chewing gum on or about October 3, 1991 while she was performing her duties as customer service representative, and that plaintiff responded she was not aware of a company policy prohibiting the chewing of gum. Count one further alleges that when plaintiff attempted to return to her desk, Lewis grabbed her arm, spun her around and caused her to sustain serious physical injuries. Count one further alleges that Lewis's actions were wilful and/or malicious.
Count two is brought by plaintiff's husband, David Gmyrek, against Lewis for loss of consortium.
Count three is brought by plaintiff against Spunkmeyer. Count three incorporates paragraphs one through seven of count one, which describe the alleged exchange between plaintiff and Lewis. Count three additionally alleges that Spunkmeyer's regional manager, Tara Roth, terminated plaintiff's employment on October 9, 1991, citing repeated misconduct. Count three further alleges that Spunkmeyer's action "was retaliatory in nature and in direct response to Janet's [plaintiff's] actions in retaining counsel and placing both Lewis and Otis [Spunkmeyer] on notice of her intention to seek compensation for the injuries caused by Lewis's wilful and/or malicious acts." (Complaint, Third Count, para. 11).
On December 20, 1991, Spunkmeyer moved to intervene as a coplaintiff and to file an intervening complaint on the grounds that plaintiff Gmyrek's employment and alleged injuries are within the scope of the Workers' Compensation Act. The motion was granted by the court on December 30, 1991 (Arena, J.) Spunkmeyer filed an intervening complaint as a coplaintiff on January 15, 1992, claiming that any recovery by plaintiff Gmyrek in the instant case would become an obligation to Spunkmeyer under the Workers' Compensation Act.
On February 20, 1992, Spunkmeyer, in its capacity as a codefendant, filed a motion to strike count three of the complaint on two grounds: 1) that it fails to state a cognizable statutory or common law claim of liability against Spunkmeyer; and 2) that the count is barred by the exclusivity provision of the Workers' Compensation Act. CT Page 4809
Spunkmeyer filed a memorandum supporting the motion to strike on February 20, 1992. Plaintiff filed an objection to the motion to strike on March 2, 1992 urging that count three is a wrongful discharge claim. Plaintiff filed a memorandum supporting her objection and opposing the motion to strike on March 9, 1992.
DISCUSSION
The function of a motion to strike is to challenge the legal sufficiency of the allegations set forth in the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). Specifically, a motion to strike is the proper manner in which to raise the legal sufficiency of the allegations of "any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted. . . ." Practice Book 152(1). "`It is incumbent on a plaintiff to allege some recognizable cause of action in his complaint."' Brill v. Ulrey,159 Conn. 371, 374, 269 A.2d 262 (1970), quoting Stavnezer v. Sage-Allen Co., 146 Conn. 460, 461, 152 A.2d 312 (1959). The facts alleged in the complaint should be construed in the way most favorable to the plaintiff. Amodio v. Cunningham,182 Conn. 80, 82, 438 A.2d 6 (1980).
Defendant argues that plaintiff's claim that termination of her employment was a retaliatory action is not a claim upon which relief can be granted. Specifically, defendant contends the plaintiff fails to identify any statute in her complaint that would impose liability on defendant for discharging plaintiff. Defendant also argues that plaintiff fails to state a common law claim for wrongful discharge because the complaint does not allege that plaintiff's discharge was in violation of any public policy. Defendant further contends that plaintiff's claims regarding her injuries are barred by the exclusivity provision of the Workers' Compensation Act because her injuries arose out of and in the course of employment.
Plaintiff states in her objection to defendant's motion to strike that her third count is a wrongful discharge claim and not a claim for her alleged physical injuries. Plaintiff states in her memorandum opposing the motion that defendant discharged plaintiff in violation of public policy as stated in General Statutes 31-290a, which provides a statutory right of action for employees who are discharged because they have filed a workers' compensation claim.
A. Wrongful Discharge
1. Statutory Claim CT Page 4810
General Statutes 31-290a (a) states:
 No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.
(Emphasis added.) General Statutes 231-290a (a).
Practice Book 109A provides: "When any claim made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number." Practice Book 109A. However, this provision is directory rather than mandatory. Rowe v. Godou, 209 Conn. 273, 275, 550 A.2d 1073 (1988).
Plaintiff did not identify 31-290a as the basis of her wrongful discharge claim in her complaint. Notwithstanding, plaintiff did allege that her discharge was in retaliation for her actions of obtaining counsel and her notice to Lewis and Spunkmeyer "of her intention to seek compensation" for her injuries. (Complaint, Third Count, para. 11). Additionally, Spunkmeyer has anticipated plaintiff's intention to seek compensation under the Workers' Compensation Act and has accordingly intervened in this action as a coplaintiff. Therefore, absent a showing that Spunkmeyer was misled by the failure to cite 31-290a, the plaintiff has sufficiently pled facts to provide Spunkmeyer with notice that she is claiming wrongful discharge under 31-290a of the Workers' Compensation Act, when the facts alleged in the complaint are construed in the plaintiff's favor. Hanover Ins. Co., v. Fireman's Fund Ins. Co., 217 Conn. 340, 345, 586 A.2d 567 570 (1991).
2. Common Law Claim
As a general rule, in Connecticut, contracts of permanent employment or for an indefinite term are terminable at will. (Citations omitted.) Coelho v. Posi-Seal International, Inc.,208 Conn. 106, 118, 544 A.2d 170 (1988). However, an employee at will who is discharged may have a common law cause of action in tort or contract for wrongful discharge "if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." (Emphasis in original). Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475, 427 A.2d 395
(1980). CT Page 4811
Section 31-290a "`is essentially a codification of the Sheets'" common law standard for wrongful discharge "in the context of workers' compensation.'" (Citations omitted.) Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40,52, 578 A.2d 1054 (1990).
Plaintiff has sufficiently pled facts to allege a violation of 31-290a. Thus, plaintiff has pled a discharge in violation of public policy, and has sufficiently stated a common law claim for wrongful discharge.
Accordingly, because plaintiff has sufficiently pled both a statutory and common law claim for wrongful discharge, Spunkmeyer's motion to strike on that basis should be denied.
B. Exclusivity of Workers' Compensation Act
General Statutes 31-284 (a) provides in relevant part: "All rights and claims between employer and employees . . . arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by [the Workers' Compensation Act]." (Emphasis added.) The supreme court has consistently interpreted this section to mean that if a worker's personal injury is covered by the Workers' Compensation Act, "statutory compensation is the sole remedy and recovery in common-law tort against the employer is barred." (Citations omitted.) Jett v. Dunlap, 179 Conn. 215,217, 425 A.2d 1263 (1979).
The gravamen of count three is wrongful discharge. The exclusivity provision of the Workers' Compensation Act applies to claims for personal injury or death. Accordingly, the exclusivity provision does not bar the instant action for wrongful discharge, and the motion to strike count three should be denied.
CONCLUSION
Defendant Spunkmeyer has moved to strike plaintiff's count three on two grounds, that count three fails to state a wrongful discharge claim, and that count three is barred by the exclusivity of the Workers' Compensation Act. Plaintiff has sufficiently pled both a statutory and common law wrongful discharge claim, and that the exclusivity provision does not apply to the case at bar. Accordingly, the motion to strike is denied on both grounds.
AUSTIN, J. CT Page 4812