[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#109)
On January 12, 1993, the plaintiff, Doug Lagrow, filed a four-count amended complaint against the defendant, Protective Alarms, Inc. The plaintiff alleges the following facts: the plaintiff, a state licensed electrical contractor, was employed by the defendant to install fire and/or burglar alarm systems at various job sites. On May 4, 1989, the plaintiff received a letter from the Consumer Protection Agency (hereinafter the "Agency") which demanded that he appear before them to defend his license from possible sanctions. The letter also revealed that building officials in the towns of Wilton and Greenwich CT Page 5434 complained to the Agency that the defendant used unlicensed technicians at certain job sites in those towns. As a result of the letter, the plaintiff demanded that the defendant remove all unlicensed technicians on his job sites and was assured by the defendant that none would be used. When the defendant's assurances proved false, the plaintiff revoked all town permits that he had obtained under his license for those sites where unlicensed personnel were used. As a result, the plaintiff was fired by the defendant.
The amended complaint alleges wrongful discharge in count one, breach of contract in count two, breach of an implied covenant of good faith and fair dealing in count three, and indemnification in count four. As part of the prayer for relief the plaintiff is seeking punitive damages and attorney's fees.
Before the court at this time is the defendant's motion to strike counts one and three of the amended complaint and that part of the prayer or relief which seeks punitive damages and attorney's fees. The motion asserts that counts one and three are legally insufficient as they "fail to state a claim upon which relief can be granted." The defendant further asserts that that portion of the prayer for relief which requests punitive damages and attorney's fees is legally insufficient because, based on the allegations in the amended complaint, "that relief is not available in Connecticut." At the short calendar argument, the court, by agreement of the parties, granted the defendant's motion to strike count three of the amended complaint, thereby leaving for court action only the motion to strike count one and a portion of the prayer for relief.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). The motion to strike admits all facts well pleaded but does not admit legal conclusions. Id. When ruling upon a motion to strike, the court is limited to the facts alleged in the complaint; King v. Bd. of Educ. of the Town of Watertown,195 Conn. 90, 93, 486 A.2d 1111 (1985); "and `cannot be aided by the assumption of any facts not therein alleged.'" Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990), quoting Fraser v. Henninger, 173 Conn. 52, 60, 376 A.2d 406 (1977). The facts alleged in the complaint are construed in a manner most favorable to the pleader. Progressive Casualty Insurance Co. v. DiGangi, 4 Conn. App. 137, 140, 492 A.2d 548, rev'd on other grounds 203 Conn. 45, 523 A.2d 477 (1987). If the facts provable CT Page 5435 under the complaint support a cause of action, the motion to strike should be denied. Mingachos v. CBS, Inc., supra, 108-09.
With respect to the first count, the defendant claims that since the plaintiff's claim does not allege an improper reason for dismissal, the impropriety of which derives from some important public policy, the motion to strike should be granted.
The plaintiff argues that the facts alleged in count one do fall within the public policy exception to the employee-at-will doctrine and are, hence, legally sufficient.
The Connecticut Supreme Court in Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 477-80, 427 A.2d 385 (1980), carved out an exception to the traditional rule that contracts of permanent employment, or for an indefinite term, are terminable at will, and to permit a cause of action for wrongful discharge where the discharge contravenes a clear mandate of public policy. The court stated:
 [w]e are mindful that courts should not lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation. We are, however, equally mindful that the myriad of employees without the bargaining power to command employment contracts for a definite term are entitled to a modicum of judicial protection when their conduct as good citizens is punished by their employers.
Id.
"[M]any employees. . .are entitled to judicial protection when the cause for dismissal is derived from some important violation of public policy." Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 569, 479 A.2d 781 (1984; see also Coelho v. Posi-Seal International, Inc., 208 Conn. 106, 122, 544 A.2d 170 (1988) ("An employer may not use a reduction in force as a pretext to terminate other employees in violation of. . .public policy. . . .").
Under the public policy exception set out in Sheets, supra, "the employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy. The CT Page 5436 employer is allowed, in ordinary circumstances, to make personnel decisions without fear of incurring civil liability. Employee job security, however, is protected against employer actions that contravene public policy." Morris v. Hartford Courant Co.,200 Conn. 676, 679, 513 A.2d 66 (1986). A recent case has further stated that "[t]he language in. . .Morris suggests that for a discharge to be actionable, there must be more than an incidental effect on public policy. The defendant's reason for discharging the plaintiff must contravene public policy." (Emphasis in original.) Battista v. United Illuminating Co., 10 Conn. App. 486,497-98, 523 A.2d 1356, cert. denied 204 Conn. 802, 803,525 A.2d 1352 (1987). In essence, "[t]he Sheets exception has been narrowly construed and requires proof on the part of the former employee that the discharge was for a demonstrably improper reason." Seery v. Yale-New Haven Hospital, 17 Conn. App. 532,539, 554 A.2d 757 (1989).
It is the opinion of the court that the plaintiff has alleged sufficient facts in count one of the amended complaint to fit within the public policy exception to the employee-at-will doctrine. The plaintiff alleges that after demanding the removal of all unlicensed technicians on his job sites, the defendant continued to send unlicensed personnel to those locations, even after assuring the plaintiff that no unlicensed personnel would be used. The plaintiff further alleges, in count one of the amended complaint, that when he reported to the defendant that he had revoked those permits that he had obtained under his license for those sites where unlicensed personnel were used, the defendant summarily discharged the plaintiff.
General Statutes 20-334 states the following:
 [n]o person shall engage in, practice or offer to perform the work of any occupation covered by this chapter in this state unless he has first obtained a license as provided in section 20-333, or possesses a card of registration from the state apprentice training division or the board and shall be subject to all the regulations established under this chapter for the purpose of governing apprenticeship training. . . . The department of consumer protection shall furnish to each qualified applicant a CT Page 5437 license certifying that the holder thereof is entitled to engage in the work or occupation for which the person has been issued a license under this chapter, and the holder of such license shall carry it on his person while engaging in such work or occupation. Each board may suspend or revoke any license or certificate granted or issued by it if the holder. . .engages in. . . unethical conduct or knowingly makes false, misleading or deceptive representations regarding his work or violates the rules and regulations established under this chapter.
As in Sheets, the plaintiff in the present case alleges that he was wrongfully discharged when he insisted that no unlicensed personnel be sent to the same job sites as the plaintiff in violation of General Statutes 20-334. The court in Sheets held that:
 [w]e need not decide whether a violation of a state statute is invariably a prerequisite to the conclusion that a challenged discharge violates public policy. Certainly when there is a relevant state statute we should not ignore the statement of public policy that it presents. For. . .it is enough to decide that an employee should not be put to an election whether to risk. . . sanction[s] or to jeopardize his continued employment.
Sheets v. Teddy's Frosted Foods, Inc., supra, 480. Therefore, since the plaintiff has alleged sufficient facts to fall within the public policy exception to the employee-at-will doctrine, the defendant's motion to strike the first count of the plaintiff's amended complaint is denied.
The defendant's final claim is that the plaintiff has failed to allege malicious or wanton acts which would entitle the plaintiff to punitive damages and attorney's fees and, therefore, that portion of the prayer for relief should be stricken. CT Page 5438
The plaintiff argues that since the court (Thompson, J.) previously sustained the plaintiff's objection to the defendant's request to revise the plaintiff's prayer for relief by deletion of attorney's fees and punitive damages, the defendant should be collaterally estopped from relitigating the matter, and, in addition, the facts alleged do support the challenged prayer for relief.
Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights. Kenny v. Civil Service Commission, 197 Conn. 270, 277, 496 A.2d 969 (1985). Punitive damages, if awarded, are restricted to the cost of litigation less taxable costs of the action being tried. Id.
In the present case the plaintiff has alleged sufficient facts in count one of the amended complaint to fall within the public-policy exception to the employee-at-will doctrine. In construing those facts in a manner most favorable to the plaintiff, the court finds that the plaintiff has alleged facts from which it could be found that the defendant acted with a reckless indifference to the plaintiff's rights, thereby entitling the plaintiff to punitive damages and attorney's fees. In view of this conclusion by the court, it is not necessary to pass upon the claim of collateral estoppel. Accordingly, the motion to strike that portion of the prayer for relief which requests punitive damages and attorney's fees, is denied.
For the reasons stated above, the defendant's motion to strike is denied, except as to the third count, which is granted by agreement of the parties.
Hadden, J.