[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a two-count action alleging statutory and common law wrongful discharge. In his amended complaint, dated December 2, 1993, the plaintiff Eugene Shearn, alleges that while employed by the defendant, Airborne Freight Corporation, he injured his lumbar spine twice during the course of his employment, was later declared Permanently partially disabled, and filed a claim for worker's compensation benefits. In count one, the plaintiff alleges that the defendant terminated his employment in violation of the rights afforded to him in Chapter 568 of the General CT Page 5709 Statutes[1], and in count two, the plaintiff alleges that the defendant's actions were in contravention of public policy.
On December 28, 1993, the defendant filed a motion (#104) to strike the plaintiff's entire complaint on the grounds that plaintiff has failed to state a claim upon which relief may be granted. "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91,108, 49 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v.Board of Education, 195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader.Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 552 A.2d 1235
(1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.)Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
I. Count one
The defendant argues that count one of the plaintiff's complaint, which alleges retaliatory or wrongful discharge, should be stricken because plaintiff is currently employed by defendant, having been reinstated in August, 1993. The defendant refers the court to a letter from the defendant to the plaintiff, which is submitted in support of the motion to strike. In response, the plaintiff argues that he has not been paid or permitted to return to work, and even if his termination letter was rescinded, he has suffered damages as a result of his wrongful termination. The plaintiff also claims that General Statutes § 31-290a provides for punitive damages and attorney's fees.
General Statutes § 31-290a(a) provides that "[n]o employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this CT Page 5710 chapter." "Section 31-290a provides broad remedies to an employee improperly discharged for filing workers' compensation benefits, including reinstatement, back wages, compensatory damages, attorney's fees, costs and punitive damages." Genovese v. GalloWine Merchants, Inc., 226 Conn. 475, 487, 628 A.2d 946 (1993). "A violation of § 31-290a, a statute obviously designed to protect claimants who file for benefits under one of this century's most socially ameliorative statutory programs, is in essence a statutorily created tort deriving from the action for wrongful discharge set forth in [Sheets v. Teddy's Frosted Foods,Inc., 179 Conn. 471, 427 A.2d 385 (1980)]" Ford v. Blue Cross Blue Shield of Connecticut, 216 Conn. 40, 52, 578 A.2d 1054
(1990). However, § 31-290 has never been considered a part of the overall worker's compensation benefits package, and is a separate and distinct remedy intended to protect and buttress the rights of worker's compensation claimants. Id., 62.
A violation of § 31-290a(a) may be proven by showing: (1) a discharge of an employee; (2) by an employer who is subject to the Worker's Compensation Act; (3) because the employer has filed a claim for worker's compensation benefits. Settembri v.American Radio Relay League, 7 CSCR 483, 484 (May 27, 1993, Schaller, J.). In count one, although § 31-290a is not specifically referred to, the plaintiff alleges that he was employed by the defendant; that the defendant was subject to the worker's compensation laws; that plaintiff was injured during the course of his employment; that plaintiff filed a claim for worker's compensation benefits; that defendant terminated plaintiff's employment because of such claim; and that such termination violated chapter 568 of the General Statutes. The plaintiff has sufficiently alleged a claim for statutory wrongful discharge pursuant to § 31-290. Furthermore, defendant, reliance upon a document annexed to its motion to strike renders that motion a "speaking" motion, which is improper. See Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181, 182-83,415 A.2d 771 (1979). "In deciding upon a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations and internal quotations omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). Since plaintiff has sufficiently stated a claim pursuant to § 31-290a and defendant seeks to impart facts not found in the pleadings, the motion to strike count one of the plaintiff's complaint is denied. CT Page 5711
II. Count two
In count two, the plaintiff realleges paragraphs one through nine and claims that "[t]he termination of the plaintiff by the defendant in the manner that it did was in contravention of a clear mandate of public policy." The defendant argues that count two should be stricken because it is predicated on count one and because common law claims are superseded by the statutory remedies in General Statutes § 31-290a. In response, the plaintiff argues that a wrongful discharge claim may be made in addition to the statutory retaliation count and is not supplanted by it.
As noted above, § 31-290 is essentially a codification of the common law standard for wrongful discharge. The common law doctrine of wrongful discharge provides that an employer may be liable for discharge of an at will employee in cases where the is discharge contravenes a clear mandate of public policy. Mirto v.Laidlaw Transit, Inc., 8 CSCR 531, 531-32 (April 20, 1993, Stanley, J.). "[T]he employee has the burden of pleading and proving that his dismissal occurred for a reason violating public policy . . . ." Lagrow v. Protective Alarms, Inc., 8 CSCR 700
(June 3, 1993, Hadden, J.), quoting Morris v. Hartford CourantCo., 200 Conn. 676, 679, 513 A.2d 66 (1986).
In viewing the complaint in the light most favorable to the plaintiff, as is required on a motion to strike, a common law wrongful discharge claim has been sufficiently alleged. There is a split in the Superior Courts regarding whether common law claims may be alleged in the same complaint as a wrongful termination claim pursuant to § 31-290; Spagnolo v. MacristyIndustries, Inc., 8 CSCR 1150 (October 1, 1993, Pittman, J.);Gmyrek v. Lewis, 7 CSCR 765 (May 29, 1992, Austin, J.); cfLeniart v. C S Distributors, Inc., 9 CTLR 228 (July 12, 1993, Wagner, J.), and the issue has not been directly addressed by the Supreme or the Appellate Court. However, at least one court has permitted a common law wrongful discharge claim in addition to a § 31-290a claim. See Gmyrek v. Lewis, supra. Defendant's motion to strike the second count of plaintiff's complaint is denied.
So Ordered.
Dated at Stamford, Connecticut this 12 day of May, 1994. CT Page 5712
WILLIAM BURKE LEWIS, J.