[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"A motion to strike is the proper vehicle by which to test the legal sufficiency of a complaint or any count therein. Practice Book § 152(1)." Babych v. McRae, 41 Conn. Sup. 280,281, 567 A.2d 1264 (1990). A pleading will survive a motion to CT Page 5537 strike where it contains all the necessary elements of a cause of action. D'Ulisse-Cupo v. Board of Directors of Notre DameHigh School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987). A court "must construe the complaint in the manner most favorable to the pleader." Blancato v. Feldspar Corp., 203 Conn. 34, 36,522 A.2d 1235 (1987).
A. Paragraphs 11-13 of the First Count
The defendant moves to strike paragraphs eleven through thirteen of the first count on the ground of legal insufficiency. "A single paragraph or paragraphs can only be attacked for insufficiency when a cause of action is therein attempted to be stated, and then only by [a motion to strike]." (Citations omitted.) The Grove Corporation v. Tinity, 3 Conn. L. Rptr. 647, 649 (January 4, 1991, Hennessey, J.). A motion to strike
 may not be addressed to separate paragraphs of the pleadings, for it is the total of a pleading [or count thereof] not the individual paragraphs, which must set up a cause of action or defense. A [motion to strike] will be sustained only when the pleading as a whole [or count thereof] fails to state a cause of action or defense; no separate paragraph thereof is by itself demurrable.
Ahan v. Olsen, 3 CSCR 55 (November 9, 1987, Wagner, J.) quoting Stepenson, Conn. Civ. Proc. 94(a), p. 190.
In paragraphs eleven through thirteen, the plaintiff alleges that following his termination he was not rehired by the defendant for an available position similar to his previous position, which allegedly was eliminated by the defendant. The defendant argues that paragraphs eleven through thirteen allege a separate cause of action for discriminatory failure to rehire, which, the defendant argues, is not covered under General Statutes § 31-290a. The plaintiff argues that paragraphs eleven through thirteen indicate that the initial termination was pretextual, and indicate that the defendant discharged the plaintiff in retaliation for the plaintiff's workers' compensation claim.
General Statutes § 31-290a provides in relevant part:
No employer who is subject to the provisions of this CT Page 5538 chapter shall discharge, or cause robe discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised his rights afforded to him pursuant to the provisions of this chapter.
In Chiaia v. Pepperidge Farm, Inc., 24 Conn. App. 362, 366,588 A.2d 652 (1991), the appellate court held that
 [i]n order to establish a prima facie case under General Statutes 31-290a, the plaintiff bears the initial burden of demonstrating discrimination by a preponderance of the evidence. . . . The plaintiff must present some evidence from which a trier of fact could infer that the employer discharged or discriminated against the employee because he or she had exercised his or her rights under the Workers' Compensation Act. . . . Without some proof of an improper motive, a plaintiff's case must fail.
(Citations omitted.)
The allegations that the defendant advertised for a similar position, after informing the defendant that his position had been eliminated, and failed to consider the plaintiff's application even though the plaintiff had previously been rated by the defendant as an excellent employee, if proven, would be relevant to the plaintiff's burden of showing that the defendant discharged the plaintiff with an improper motive, and could indicate that the initial discharge was pretextual. These paragraphs do not set forth a separate and distinct cause of action, but add to the retaliatory discharge cause of action set forth in the first count. Because these paragraphs do not set forth a separate and distinct cause of action, the defendant's motion to strike paragraphs eleven through thirteen of the first count are denied. See Jaramillo v. Adis, 8 CSCR 660 (May 5, 1993, Ballen, J.) (denying motion to strike paragraphs of complaint not separately setting forth distinct cause of action).
B. Motion to Strike the Second Count
The defendant moves to strike the second count, which alleges a cause of action for breach of an implied covenant of CT Page 5539 good faith and fair dealing, on the ground that this count is legally insufficient because the plaintiff has alleged a statutory remedy, namely General Statutes § 31-290a.
"A cause of action in tort for wrongful discharge or in contract for the breach of the covenant of good faith and fair dealing exists where the discharge contravenes a clear mandate of public policy." (Internal quotation marks omitted.) Poulousv. Pfizer, Inc., 6 Conn. L. Rptr. 545, 546 (June 24, 1992, Hurley, J.), citing Magnan v. Anaconda Industries, Inc.,193 Conn. 558, 565, 479 A.2d 781 (1984); Sheets v. Teddy's FrostedFoods, Inc., 179 Conn. 471, 474-75, 427 A.2d 385 (1980). As the appellate court noted
 [a] finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy have relied upon the fact that in the context of their case the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated.
Atkins v. Bridgeport Hydraulic Company, 5 Conn. App. 643, 648,501 A.2d 1223 (1985), quoting Wehr v. Burroughs Corporation,438 F. Sup. 1052, 1054 (E. D. Pa. 177). Therefore, a cause of action in tort for wrongful termination or in contract for the breach of the covenant of good faith and fair dealing "exist[s] only when a discharge violates public policy and the employee is otherwise without a remedy." Poulous v. Pfizer, Inc., supra, 546; see also Wysochi v. Norden Systems, Inc.,2 Conn. L. Rptr. 545
(November 19, 1990, Fuller, J.); Brotherton v. Burndy Corp.,2 Conn. L. Rptr. 508 (September 24, 1990, Fuller, J.); Reed v.Ritz Camera and Video Center, 4 CSCR 862 (November 9, 1989, Thompson, J.); Banerjee v. Roberts, 642 F. Sup. 1093, 1108
(D.Conn. 1986) (finding that under Connecticut law, wrongful discharge action pursuant to Sheets v. Teddy's Frosted Foods,Inc., supra, 179 Conn. 471, was not available when plaintiff had available other statutory or constitutional remedies).
As noted by the supreme court, an action for retaliatory discharge pursuant to General Statutes § 31-290a is "a statutorily created tort action derived from the common law action for CT Page 5540 wrongful discharge"; Oakes v. New England Dairies, Inc.,219 Conn. 1, 10, 588 A.2d 652 (1990) citing Ford v. Blue Cross Blue Shield of Connecticut, Inc., 216 Conn. 40, 52,578 A.2d 1054 (1991); and "is essentially a codification of the Sheets
holding, in the context of workers' compensation." (Citations omitted.) Ford v. Blue Cross Blue Shield of Connecticut,Inc., supra. Construed most favorably for the plaintiff, the plaintiff's complaint states a cause of action for retaliatory discharge based on General Statutes § 31-290a. Accordingly, The plaintiff has a pleaded a statutory cause of action, and therefore, the motion to strike the second count is granted. Cf.Poulos v. Pfizer, Inc., supra (striking counts of complaint based on wrongful discharge and breach of good faith and fair dealing when plaintiff had alleged other count based on a statutory cause of action for wrongful discharge under General Statutes § 31-51z).
/s/ Sylvester, J. SYLVESTER