[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Essentially, this action involves a wrongful discharge claim to which the defendant has filed a renewed Motion for Summary Judgment.
The question raised by the defendant's renewed Motion for Summary Judgment is whether there is a genuine issue as to any material fact in the claim that the defendant wrongfully discharged the plaintiff in violation of C.G.S. § 31-290a; and in breach of the implied covenant of good faith and fair dealing in the employment contract between the parties. Another issue is whether the plaintiff's statutory remedy precludes her claim that the discharge was in violation of public policy.
The Court concludes that there exists a triable issue of fact in the plaintiff's claim that she was wrongfully discharged in violation of C.G.S. § 31-290a, and in breach of the implied covenant of good faith and fair dealing in her employment contract. The Court also concludes that the plaintiff's statutory remedy precludes her public policy claim.
In a four count amended complaint filed on September 4, 1992, the plaintiff, Margaret Cowan, alleges that she was wrongfully discharged from her employment with the defendant, Warner-Lambert Company, in violation of General Statutes § 31-290a (count one); that the plaintiff's discharge was a breach of the covenant of good faith and fair dealing implied in the "contract" of employment between the plaintiff and the defendant (count two); and that the plaintiff's discharge was in violation of public policy (count three).[1] Counts one, two and three are based upon the plaintiff's allegation that her discharge was based on her record of having filed a workers' compensation claim when she was injured while working for a previous employer.
On August 9, 1993, the defendant filed a motion for summary judgment which the court denied, Rush J., without prejudice on December 17, 1993, in part because the motion was supported by uncertified deposition transcripts and did not include supporting affidavits. On March 11, 1994, CT Page 11277 the defendant filed its renewed motion for summary judgment as to counts one, two and three. The renewed motion asserts that as to counts one and two, the plaintiff has failed to produce evidence sufficient to make out a prima facie case and that the claim in count three is precluded by the plaintiff's statutory remedy. In support of its renewed motion, the defendant has submitted a memorandum of law and the supporting affidavit of Mr. John Anthony, supervisor of human resources for the defendant, along with uncertified excerpts of the plaintiff's deposition testimony. The court file does not contain a memorandum in opposition to the defendant's renewed motion for summary judgment. However, the plaintiff did file a memorandum opposing the defendant's original motion for summary judgment which does not differ substantially from the defendant's present motion. The plaintiff also attached uncertified excerpts of her deposition testimony to her opposing memorandum.
Pursuant to Practice Book § 384, summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 103, 639 A.2d 507 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted, internal quotation marks omitted.) Id., 105. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Scrapchansky v. Plainfield, 226 Conn. 446, 450,627 A.2d 1329 (1993).
The defendant argues that as to counts one and two of the amended complaint, the plaintiff has failed to establish a prima facie case because she has not produced evidence that the defendant knew that the plaintiff had filed a workers' compensation claim. The defendant contends that if it did not know of the workers' compensation claim, the filing of the workers' compensation claim could not be the reason for the plaintiff's discharge. In addition, the defendant argues that even if a question of fact exists as to whether it knew about the workers' compensation claim, the defendant's alleged legitimate nondiscriminatory reason for terminating the plaintiff, i.e., a weight lifting restriction of 20 lbs., shifts the burden to the plaintiff to show that the legitimate reason was pretextual. The defendant asserts that the plaintiff is unable to meet that burden. CT Page 11278
As to the third count of the complaint, the defendant argues that summary judgment should be granted because recovery on a common law public policy claim is barred when an adequate statutory remedy exists.
The plaintiff argues that summary judgment is not warranted as to counts one and two because issues of fact exist as to whether defendant knew of the plaintiff's workers' compensation claim and whether the plaintiff was discharged for that reason. The plaintiff did not respond in its memorandum to the defendant's arguments as to count three of the complaint.
To prevail on the first count of her complaint, the plaintiff must "present some evidence from which a trier of fact could infer that the employer discharged or discriminated against the [plaintiff] because [she] had exercised her rights under the Workers' Compensation Act. . . . Without some proof of an improper motive, [the] plaintiff's case must fail." (Citation omitted.) Chiaia v. Pepperidge Farm, Inc.,24 Conn. App. 362, 366, 588 A.2d 652 (1991). "While it is true that the plaintiff bears the burden of proving improper motive on the part of the defendant, such proof may be accomplished by the use of either direct or circumstantial evidence." Langmaid v. Bushwick Iron SteelCo., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308538 (June 16, 1994, Damiani, J.). The defendant's reasons for terminating the plaintiff are questions of motive and intent. Baton v. Smith Real Estate, Superior Court, judicial district of New London at New London, Docket No. 515081 (January 24, 1992, Purtill, J.). "Cases involving questions of motive, intent and subjective feelings should not be resolved by summary judgment."Langmaid v. Bushwick Iron Steel Co., supra; see also Batick v.Seymour, 186 Conn. 632, 646-47, 443 A.2d 471 (1982).
The defendant has submitted an affidavit of Mr. John Anthony, the defendant's human resources supervisor, in which he states that he was unaware of the plaintiff's workers' compensation claim when he made the decision to discharge the plaintiff. However, the plaintiff's deposition testimony creates some doubt as to whether Anthony or his staff knew of the plaintiff's workers compensation claim. For example, the plaintiff indicated in a health questionnaire that she completed upon being hired by the defendant that she had suffered a work-related injury to a disc and had been out of work for nine months. A reasonable fact finder could determine that the defendant would have understood that the plaintiff had filed a workers' compensation claim at her previous job as a result of her injury. CT Page 11279
Furthermore, the degree to which the defendant's knowledge of the plaintiff's former workers' compensation claim was related to her discharge is a question involving the defendant's motive and intent and is not properly decided on a motion for summary judgment.Langmaid v. Bushwick Iron Steel Co., supra.
The defendant further argues that even if the plaintiff has sufficiently established a prima facie case, the defendant has articulated a legitimate nondiscriminatory reason for the plaintiff's discharge, i.e., that the plaintiff's twenty pound weight restriction would prohibit her from performing the requirements of her new position. Relying on Ford v. Blue Cross Blue Shield of Connecticut, Inc.,216 Conn. 40, 53-55, 578 A.2d 1054 (1990), which addresses the allocation of burdens of proof in a 31-290a action, the defendant contends that once it has stated a legitimate nondiscriminatory reason for terminating the plaintiff, the burden is on the plaintiff to show that the reason is pretextual.
In the present case, the plaintiff testified at her deposition that, upon being told by the defendant that she had a twenty pound weight lifting restriction, she insisted that she did not have any weight lifting restriction. The plaintiff also testified as to the defendant's alleged failure to investigate the plaintiff's weight lifting restriction or to allow the plaintiff to otherwise demonstrate her ability to conform to her new job description. Viewed most favorably to the plaintiff, the defendant's apparent unwillingness to investigate the plaintiff's claims could allow a reasonable inference that the defendant's alleged legitimate nondiscriminatory reason for discharging the plaintiff was pretextual. Therefore, because issues of fact exist at to the defendant's motive and intent and the possible pretext under which the plaintiff was discharged, the defendant's motion for summary judgment is denied as to count one of the plaintiff's complaint.
Count two of the plaintiff's amended complaint alleges a breach of the covenant of good faith and fair dealing implied in the employment "contract" between the plaintiff and defendant. The defendant argues that summary judgment should be granted as to count two because an alleged breach of the covenant of good faith and fair dealing is a claim framed in contract, which is "coterminous with and extends no further than a cause of action for wrongful discharge in tort." Batista v. UnitedIlluminating Co., 10 Conn. App. 486, 495 (1987), cert. denied,204 Conn. 802 (1987). The defendant seems to argue that since the cause of action set forth in count one is essentially a tort claim, and the cause of action in count two is framed in contract, the two CT Page 11280 claims are identical in scope, and that summary judgment is warranted on the contract action for the same reasons that it is warranted as to the statutory claim in count one. Since summary judgment is denied as to count one, it should be denied as to count two as well.[2]
Count three of the plaintiffs amended complaint alleges that the plaintiff's discharge violated public policy. The defendant argues that summary judgment is warranted as to count three because the available statutory remedy precludes any common law claim of wrongful discharge resulting from the plaintiff's filing of a workers compensation claim.[3]
A claim of wrongful discharge in violation of public policy was recognized by the Supreme Court in Sheets v. Teddy's FrostedFoods, Inc. 179 Conn. 471, 427 A.2d 385 (1980). General Statutes § 31-290a "is essentially a codification of the Sheets holding, in the context of workers' compensation." (Internal quotation marks omitted.) Ford v. Blue Cross Blue Shield of Connecticut, Inc., supra, 216 Conn. 52.
"There is a split in the Superior Courts regarding whether common law claims may be alleged in the same complaint as a wrongful termination claim pursuant to 31-290 . . . and the issue has not been directly addressed by the Supreme or the Appellate Court."Shearn v. Airborne Freight Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 134795 (May 12 1994, Lewis, J.). Although several recent superior court cases have allowed the simultaneous pleading of statutory and common law causes of action relating to retaliatory discharge in violation of General Statutes § 31-290a; e.g., Shearn v. Airborne Freight Corp., supra; Spagnolo v.Macristy Industries, Inc., 8 CSCR 1150 (October 1, 1993, Pittman, J.),Gmyrek v. Lewis, 7 CSCR 765 (May 29, 1992, Austin, J.). at least two superior court cases have adopted the defendant's reasoning. See Pucciv. American-Republican, 9 CSCR 626 (June 20, 1994, Sylvester, J.);Flores v. Santoro, Superior Court, judicial district of Hartford/New Britain at New Britain, docket No. 442419 (November 26, 1991, Allen, J.);
In Pucci v. American-Republican, supra, 9 CSCR 626 (June 20, 1994, Sylvester, J.), the court underwent a relatively thorough analysis of the authority and rationale behind striking common law claims of retaliatory discharge when a statutory remedy is available. Citing Atkins v. Bridgeport Hydraulic Company, 5 Conn. App. 643, 648,501 A.2d 1223 (1985), Judge Sylvester noted that "[t]he cases which have established a tort or contract remedy for employees discharged CT Page 11281 for reasons violative of public policy have relied upon the fact that in the context of their case[s] the employee was otherwise without remedy and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." The court stated further that "a cause of action in tort for wrongful discharge . . . exists only when a discharge violates public policy and the employee is otherwise without a remedy.'" Pucci v. American-Republican, supra,9 CSCR 626, quoting Poulous v. Pfizer, Inc., 6 Conn. L. Rptr. 545; (June 24, 1992, Hurley, J.). The court adopts the rationale in Pucciv. American Republican, Id., and accordingly, the court grants summary judgment as to count three of the plaintiff's amended complaint as C.G.S. § 31-290a affords a remedy for the vindication of the public policy.
COCCO, J.