[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE COUNTS TWO,THREE, FOUR, FIVE AND SIX OF THE COMPLAINT
The plaintiff has filed a six count complaint against his former employer making various allegations relative to the termination of his employment. The counts are as follows: (1) CT Page 12541-O violation of general statutes § 31-290a (retaliation for filing a workers' compensation claim); (2) negligent infliction of emotional distress; (3) reckless infliction of emotional distress; (4) intentional infliction of emotional distress; (5) breach of implied contract (based on an employee manual); and (6) breach of an implied covenant of good faith and fair dealing.
Before the court at this time is the defendant's motion to strike counts two through six for allegedly failing to state legally sufficient causes of action.
At oral argument the plaintiff conceded that the second count fails to allege all of the essential elements of a claim for negligent infliction of emotional distress. Accordingly the motion to strike the second count is granted.
The third and fourth counts allege claims of reckless infliction of emotional distress and intentional infliction of emotional distress. As far as the third count alleging reckless infliction of emotional distress is concerned, in the opinion of the court this claim is included in the fourth count alleging intentional infliction of emotional distress. See Chemlecki v.Decorative Screen Printers, Inc., 1995 WL 373918 (J.D. of New London, 6/19/95, Hurley, J.) The plaintiff in his memorandum appears to recognize that the third count is repetitive of the fourth count but suggests that it should be attacked by way of a request to revise rather than a motion to strike. The court does not agree and the motion to strike the third count is granted.
The fourth count alleges a claim of intentional infliction of emotional distress. This is a recognized cause of action in which the plaintiff must allege and prove certain elements.
 "In order for the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff CT Page 12541-P was severe . ."
Petyan v. Ellis, 200 Conn. 243, 253 (1986).
In the fourth count the plaintiff merely repeats the same allegations made in the second count, which alleged negligent infliction of emotional distress, and then alleges that these same claims amount to intentional infliction of emotional distress. As noted above, the plaintiff concedes that the second count does not allege all of the essential elements of negligent infliction of emotional distress, but then claims that the same allegations adequately set forth a claim of intentional infliction of emotional distress. The court is of the opinion that the fourth count fails to allege all of the necessary elements of a claim of intentional infliction of emotional distress. The motion to strike the fourth count is granted.
The fifth count alleges a breach of an implied contract and is based on a breach of an employee handbook. The basis of the motion to strike this count is the assertion that to establish this kind of claim the law requires that there be an implied contract not to terminate the employment without just cause and that the plaintiff has failed to so allege.
A reading of the fifth count shows that the plaintiff has alleged that he was terminated without cause in violation of the procedures set forth in the employee handbook, and in breach of the implied contract of employment without sufficient cause or reason. These allegations are sufficient to withstand a motion to strike. The motion to strike the fifth count is denied.
The defendant has moved also to strike the sixth count which alleges that the termination of the plaintiff's employment breached an implied covenant of good faith and fair dealing. The basis of the motion is that since the plaintiff has alleged a violation of § 31-290a in the first count, he cannot also maintain another count for a breach of an implied covenant of good faith and fair dealing. Atkins v. Bridgeport Hydraulic Co.,5 Conn. App. 643, 648 (1985); Poulos v. Pfizer, Inc.,6 Conn. L. Rptr. 545, 546 (June 24, 1992, Hurley, J.); Pucci v.American-Republican, 9 CSCR 626 (J.D. of Waterbury, June 20, 1994). The defendant also claims in support of the motion to strike the sixth count that it fails to allege a contractural just cause obligation or that the termination violated an important public policy. Magnan v. Anaconda Industries, 193 Conn. 558, 572. CT Page 12541-Q
The plaintiff's response to the defendant's arguments in support of striking the sixth count is that the defendant has misconstrued what the sixth count claims and that it does not arise out of a breach of public policy, but rather it arises out of a breach of the same implied contract that the plaintiff alleges was breached in the fifth count. If the defendant is correct in his interpretation of what the sixth count alleges then it should be stricken for both reasons advanced by the defendant. On the other hand, if the plaintiff is correct with respect to what the sixth count alleges, then it should be stricken because it is repetitive of the fifth count. In either event the sixth count is stricken.
Accordingly, for the reasons above stated, the motion to strike is granted with respect to the second, third, fourth and sixth counts. It is denied as to the fifth count.
William L. Hadden, Jr., Judge