LEON CHIAIA *v.* PEPPERIDGE FARM, INC.
(9085)

RONALD LEE *v.* PEPPERIDGE FARM, INC.
(9271)

DALY, NORCOTT and HEIMAN, Js.

Argued January 14—decision released April 2, 1991

*Tracy A. Saxe,* for the appellants (plaintiffs).

*Christopher M. Hodgson,* with whom, on the brief, were *George N. Nichols* and *Robert B. Mitchell,* for the appellee (defendant).

*Bonnie Stewart, Nancy A. Daly* and *Stephen S. Ostrach* filed a brief for the Connecticut Business and Industry Association as amicus curiae.

*Thomas W. Ude, Jr.,* and *William F. Gallagher* filed a brief for the Connecticut Trial Lawyers Association as amicus curiae.

DALY, J. The issue presented in this appeal is whether the defendant's absence control policy,[1] as applied to the plaintiffs who had sustained injuries compensable under the Workers' Compensation Act,[2] is a per se violation of General Statutes § 31-290a (a)[3] when that statute forbids any discrimination or retaliatory discharge for filing a claim or exercising any rights under the act.

Both plaintiffs were employed by the defendant and each sustained work related injuries, filed workers' compensation claims and were terminated pursuant to company policy solely because they did not return to work within twelve months of their injuries. The same issue has been presented by both plaintiffs and their appeals have been consolidated.

The workers' compensation commissioner found that the defendant's absence control policy made no distinction between absences caused by work related injuries or illnesses and those absences that were not work related. The commissioner further found that the defendant's absence control policy was neutrally applied to any of the defendant's approximately 500

---

[1] The defendant's absence control policy in effect since October 1, 1983, in relevant part states: "The length of the medical leave of absence may not exceed one year from the date of commencement of absence due to illness. . . . When an employee is absent due to illness, that employee's job will be held open for (12) twelve months. After (12) twelve months that employee's job will be posted for bidding."

[2] General Statutes § 31-275 et seq.

[3] General Statutes § 31-290a provides in pertinent part: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter."

employees who were absent from work for more than one year. Finally, the commissioner concluded that the plaintiffs had failed to sustain their burden of proving that they had been discharged because of discrimination or any retaliatory motive. The commissioner concluded that the sole reason for the plaintiffs' discharge was their absence from employment for more than twelve months in contravention of the defendant's absence control policy. Therefore, the commissioner held that their claims under General Statutes § 31-290a must fail.[4] This appeal followed.[5]

The workers' compensation commissioner has the power and the duty to determine the facts, and we will not review facts reasonably found by the commissioner. The commissioner's conclusions that are drawn from those facts must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. *Besade* v. *Interstate Security Services,* 212 Conn. 441, 448, 562 A.2d 1086 (1989); *Aurora* v. *Miami Plumbing & Heating, Inc.,* 6 Conn. App. 45, 47, 502 A.2d 952 (1986). On the basis of the plaintiff Lee's stipulated facts, the commissioner's findings, and the record before us, we conclude that there is no basis to disturb the commissioner's conclusion that the plaintiffs were discharged solely by the neutral application of the defendant's absence control policy. The plaintiffs do not contest this fact but argue that the policy

---

[4] The commissioner's memorandum of decision and order were issued prior to the release of *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* 216 Conn. 40, 578 A.2d 1054 (1990).

[5] General Statutes § 31-290a (b) provides two alternative procedures an employee may utilize to bring a complaint of wrongful discharge or discrimination. The employee may either bring an action in the Superior Court or file a complaint with the workers' compensation commission with the right to a direct appeal to this court. The plaintiffs both chose the second option and their appeals are before this court directly from the commissioner.

is discriminatory per se when applied to workers' compensation claimants in contravention of General Statutes § 31-290a (a). We disagree and affirm the commissioner's order.

General Statutes § 31-290a provides in relevant part: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee *because the employee has filed a claim for workers' compensation benefits or otherwise exercised his rights afforded to him pursuant to the provisions of this chapter.*" (Emphasis added.) The plaintiffs assert that they were discharged by the defendant while "exercis[ing] the rights afforded to [them] pursuant to the provisions of this [workers' compensation] chapter," contrary to General Statutes § 31-290a (a). The plaintiffs argue that workers' compensation claimants may not be discharged if they are absent for a period longer than that allowed by their employer's absence control policy because (1) the Workers' Compensation Act should be construed to provide such protection, (2) General Statutes § 31-313 provides an alternative time period for an absent workers' compensation claimant, conceivably longer than the defendant's twelve month absence control policy, and (3) the public policy underlying the Workers' Compensation Act disfavors the discharge of claimants who are absent while recovering from work related injuries. All of these arguments are built on the premise that the employer's discharge need not be for an improper motive. The plaintiffs assert that an employer could discharge a workers' compensation claimant for a proper motive, such as a neutrally applied absence control policy, and still violate General Statutes § 31-290a. This argument is without merit.

General Statutes § 31-290a was designed to protect plaintiffs who file for workers' compensation benefits

and "is in essence a statutorily created tort deriv[ed] from the action for wrongful discharge set forth in *Sheets* [v. *Teddy's Frosted Foods, Inc.,* 179 Conn. 471, 427 A.2d 385 (1980)]." *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* 216 Conn. 40, 52, 578 A.2d 1054 (1990); cf. *Baldracchi* v. *Pratt & Whitney Aircraft Division,* 814 F.2d 102, 103 (2d Cir. 1987), cert. denied, 486 U.S. 1054, 108 S. Ct. 2819, 100 L. Ed. 2d 920 (1988). In order to establish a prima facie case under General Statutes § 31-290a, the plaintiffs bear the initial burden of demonstrating discrimination by a preponderance of the evidence. *Ford* v. *Blue Cross & Blue Shield of Connecticut, Inc.,* supra, 53. The plaintiffs must present some evidence from which a trier of fact could infer that the employer discharged or discriminated against the employees because they had exercised their rights under the Workers' Compensation Act. Id., 53–54. Without some proof of an improper motive, the plaintiffs' case must fail. See id. Therefore, the plaintiffs' argument that General Statutes § 31-290a supports a cause of action absent some evidence of the defendant's improper motive is without legal basis.

General Statutes § 31-290a, like its counterpart in other workers' compensation schemes, does not require an employer to retain an employee unable to perform his or her work simply because that inability resulted from a work related injury or illness. See, e.g., *Hines* v. *United Parcel Service, Inc.,* 736 F. Sup. 675, 678 (D.S.C. 1990); *Fergerstrom* v. *Datapoint Corporation,* 680 F. Sup. 1456 (D. Hawaii 1988); *Smith* v. *Electrical System Division of Bristol Corporation,* 557 N.E.2d 711 (Ind. App. 1990); *Rowland* v. *Val Agri, Inc.,* 13 Kan. App. 2d 149, 766 P.2d 819 (1988); *Mitchell* v. *St. Louis County,* 575 S.W.2d 813 (Mo. App. 1978); *Galante* v. *Sandoz, Inc.,* 192 N.J. Super. 403, 410, 470 A.2d 45 (1983), aff'd, 196 N.J. Super. 568, 483 A.2d 829 (1984); *Duncan* v. *New York State Developmental Center,* 63

N.Y.2d 128, 470 N.E.2d 820 (1984). Businesses would suffer significant losses if they were prevented from filling employment vacancies after the lapse of a reasonable period of time. See *Duncan* v. *New York State Developmental Center*, supra, 135.

The great majority of jurisdictions have recognized, either by statute or judicial decision, the tort of retaliatory discharge for the filing of a workers' compensation claim. See annot., 32 A.L.R. 4th 1221. Few courts, however, have expanded the definition of discriminatory discharge to include a discharge occasioned by the neutral application of an absence control policy to an employee who was injured and collected workers' compensation benefits. See *Galante* v. *Sandoz, Inc.*, supra; see, e.g., *Smith* v. *Electrical System Division of Bristol Corporation*, supra; *Rowland* v. *Val Agri, Inc.*, supra; *Clifford* v. *Cactus Drilling Corporation*, 419 Mich. 356, 353 N.W.2d 469 (1984); *Davis* v. *Richmond Special Road District*, 649 S.W.2d 252 (Mo. App. 1983); *Mitchell* v. *St. Louis County*, supra; *Duncan* v. *New York State Developmental Center*, supra; *Johnson* v. *Saint Francis Hospital, Inc.*, 759 S.W.2d 925, 928 (Tenn. App. 1988); but see *Lindsay* v. *Great Northern Paper Co.*, 532 A.2d 151 (Me. 1987) (the Maine Supreme Court is the only court to have held that a neutrally applied absence control policy may be found to discriminate against a plaintiff discharged due to employment absences caused by work related injuries); but cf. *Judson Steel Corporation* v. *Workers' Compensation Appeals Board*, 22 Cal. 3d 658, 586 P.2d 564, 150 Cal. Rptr. 250 (1978). The employer's termination of a plaintiff's seniority rights in *Judson Steel* was within the scope of discrimination prohibited by California's workers' compensation statute, similar to General Statutes § 31-290a. The court cautioned, however, that its "holding in no way mandates that an employer retain all

employees who sustain injuries on the job." *Judson Steel Corporation* v. *Workers' Compensation Appeals Board,* supra, 667; *Caldwell* v. *Columbus Development Center,* 47 Ohio App. 3d 100, 547 N.E.2d 417 (1989) (a workers' compensation claimant discharged because she failed to file a request for leave from her employer was a pretext for a retaliatory discharge for filing her claim); see generally annot., 32 A.L.R.4th 1221.

The plaintiffs' argument that General Statutes § 31-313[6] provides an alternative time period for an absent workers' compensation claimant that may be of longer duration than an employer's twelve month absence control policy is unavailing. General Statutes § 31-313 does limit an employer's discretion to terminate the employment of a workers' compensation claimant. This statute imposes a limited duty on the employer to provide *suitable* work for an injured employee *if it is available.*[7] If suitable work is not available or the employee is unable to work due to infirmity, there is no hindrance to an employer, apart from what-

---

[6] General Statutes § 31-313 provides in pertinent part: "(a) (1) Where an employee has suffered a compensable injury which disables him from performing his customary or most recent work, his employer at the time of such injury shall transfer him to full-time work *suitable to his physical condition where such work is available,* during the time that the employee is subjected to medical treatment or rehabilitation or both and until such treatment is discontinued on the advice of the physician conducting the same or of the therapist in charge of the rehabilitation program or until the employee has reached the maximum level of rehabilitation for such worker in the judgment of the commissioner under all of the circumstances, whichever period is the longest. (2) The commissioner shall conduct a hearing upon the request of an employee who claims his employer has not transferred him to such available suitable work. Whenever the commissioner finds that the employee is so disabled, and that the employer has failed to transfer the employee to such available suitable work, he shall order the employer to transfer the employee to such work." (Emphasis added.)

[7] The commissioner here found that the defendant did not have light duty work, even though it was provided for the plaintiff Chiaia for a brief time until he reinjured himself and was unable to continue working. The plaintiff Lee was not able to resume any work when discharged.

ever contract of employment or company policy exists, to discharge a workers' compensation claimant because of the neutral operation of an absence control policy.

In order to meet the initial burden of proof in a claim arising under General Statutes § 31-290a, the plaintiffs would have had to present some evidence of the defendant's discriminatory intent. Because the plaintiffs were discharged solely as a result of the neutral application of the defendant's reasonable absence control policy, we agree with the commissioner that there was not any contravention of General Statutes § 31-290a.

The order of the commissioner dismissing the plaintiffs' complaints is affirmed.

In this opinion the other judges concurred.