[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 8855
The plaintiff Fernando Spagnolo alleges that the defendant Macristy Industries, Inc.,[1] discharged him from his employment as a deburrer in retaliation for his petition for workers' compensation benefits following a job-related injury. The complaint alleges a violation of the anti-retaliatory provisions of the Workers' Compensation Act, Conn. Gen. Stat. Sec.31-290a; a violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. Sec. 46a-60; and a breach of the covenant of good faith and fair dealing, otherwise referred to as a wrongful termination. The defendant has moved for summary judgment on a number of grounds, one of which was abandoned by the defendant and one of which was conceded by the plaintiff at oral argument.[2] The remaining grounds are two: that there is insufficient proof as a matter of law to allow the plaintiff to get to the trier on the issue of retaliatory discharge; and that the law does not support a claim of wrongful discharge for an employee who has no written contract of employment.
As to the defendant's first claim, the defendant equates the absence of any statement, suggestion, or pressure on the plaintiff by management relating to his injury or workers' compensation petition with a total lack of proof of any improper motive in his discharge. While it is true that it is the plaintiff's burden to prove an improper motive, it is not the case that this must come from direct as opposed to circumstantial evidence. The plaintiff "must present some evidence from which a trier of fact could infer that the employer discharged or discriminated against the [plaintiff because of an exercise of] rights under the Workers' Compensation Act." Chiaia v. Pepperidge Farm, Inc., 24 Conn. App. 362 (1991). Chiaia, contrary to the claim by the defendant, does not stand for the proposition that the evidence of the motive must be direct. In Chiaia, the court held that a facially neutral policy of automatically terminating any employee who had been absent from work continuously for one year was not retaliatory within the meaning of Conn. Gen. Stat. Sec. 31-290a. At most, the case stands for the proposition that Conn. Gen. Stat. Sec.31-290a does not support a disparate impact analysis, but can only be applied to a disparate treatment case. Compare, e.g., Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849,28 L.Ed.2d 158 (1971) (a facially neutral policy may nevertheless be discriminatory if it has a disproportionately greater impact on members of a protected group) with McDonnell Douglas Corporation CT Page 8856 v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668
(1973) (discussing the analysis and test for improper motive in a case of individual discriminatory treatment).
The defendant's second reason for requesting summary judgment is that the facts do not support a claim that the defendant breached a covenant of good faith and fair dealing in terminating the plaintiff as it did. In the case of an at-will employee, a breach of such a covenant is defined narrowly as existing only "where the discharge contravenes a clear mandate of public policy." Sheets v. Teddy's Frosted Foods, Inc.,179 Conn. 471, 474 (1980). The public policy of prohibiting retaliatory discharge for asserting rights arising under the Workers' Compensation Act is embodied in Conn. Gen. Stat. Sec.31-290a, a mandate in its clearest form. While the success of this wrongful termination claim is dependent on the proof established on the underlying violation of Conn. Gen. Stat. Sec.31-290a, it appears that the wrongful termination claim may be made in addition to the statutory retaliation count and is not supplanted by it. Magnan v. Anaconda Industries, Inc.,193 Conn. 558 (1984).
In anticipation of the pleadings being amended to properly name the defendant Tube Bends, Inc., and to delete allegations and claims relating to Stat. 46a-60, summary judgment is denied.
PATTY JENKINS PITTMAN JUDGE, SUPERIOR COURT