[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO STRIKE
The plaintiff has filed a motion to strike the first, second, third, fifth, sixth and seventh special defenses. At oral argument the defendant has agreed that the motion can be granted as to the first, fifth and sixth defenses.
A motion to strike can be used to test the sufficiency of a special defense. Connecticut Practice Book § 152(5); Mingachos v.CBS., Inc., 196 Conn. 91, 108. The motion admits all facts well pleaded but does not admit legal conclusions; the allegations of the defense are entitled to the same favorable construction a trier would be required to give them in admitting evidence, and if the facts provable under the allegations support a defense, the motion to strike must fail. Id., 108, 109.
The second special defense claims that an action under 290a of the General Statutes is barred by the applicable statute of limitations. Section 31-290a(a) of the General Statutes provides that "no employer who is subject to the provisions of this chapter shall discharge or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for worker's compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter." Subsection (b) of the same statute allows any employee who has been CT Page 5455 wrongfully discharged to bring a civil action in the Superior Court. The plaintiff's wrongful discharge action in this case is based upon the statute. Section 31-290a is essentially a codification of the holding in Sheets v. Teddy's Frosted Foods,Inc., 179 Conn. 471. Ford v. Blue Cross Blue Shield ofConnecticut, Inc., 216 Conn. 40, 52. Most other states have recognized either by statute or judicial decision the tort of retaliatory discharge for the filing of a worker's compensation claim. See Chiaia v. Pepperidge Farm, Inc. 24 Conn. App. 362,367. Section 31-290a does not contain a statute of limitations. However it has been held that the three year statute of limitations in § 52-577, which applies to torts not covered by another statute, applies to wrongful discharge actions under § 31-290a. Morehouse v.SNET Systems, Inc., 8 Conn. Super. Ct. Rpts. 66 (1992) (Zoarski, J.). The complaint states that the plaintiff returned to work in February or March 1991 and was wrongfully discharged at that time This action was started in March, 1993, less than two years after the plaintiff's discharge. In most cases the legal question of whether a cause of action is barred by the statute of limitations cannot be decided on a motion to strike. An exception exists here because the special defense relies upon the dates in the complaint,Bulkley v. Norwich Westerly Railroad Co., 81 Conn. 284, 286;Vilcinskas v. Sears, Roebuck Co., 144 Conn. 170, 171-72. The action was clearly brought within three years from discharge of the plaintiff, within the time limits in 52-577.
The third special defense states that "the plaintiff, by virtue of his failure and refusal to accept employment offered by the defendant, has waived some or all of the claims set forth in his complaint." Waiver is the intentional relinquishment of a known right, and may be implied from acts or conduct if it is reasonable to do so. Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 252. See also Hanover Insurance Co. v. Fireman's FundInsurance Co., 217 Conn. 340, 341. Facts admissible under the special defense as pleaded may be sufficient to prove a waiver of the plaintiff's rights sufficient to defeat a retaliatory discharge claim under 31-290a. Waiver is a question of fact. Since facts admissible under the special defense support that defense, a motion to strike the third special defense must be denied. Mingachos v.CBS, Inc., supra, 109.
The seventh special defense is that the claim under the statute is barred because the defendant was an at will employee. As previously stated, § 31-290a is essentially a codification of the tort of wrongful discharge. Ford v. Blue Cross Blue Shield ofCT Page 5456Connecticut, supra, 52. The plaintiff in Sheets v. Teddy's FrostedFoods, Inc., supra, was also an employee at will. That decision recognized that cases in other states allowed a wrongful discharge action when the employer discharges an employee for filing a worker's compensation claim. Id., at 476. This is clearly the universal rule. Chiaia v. Pepperidge Farm, Inc., supra, 367. See also 32 ALR 4th 1221. Whether the defendant was employed for a specific term or for an indefinite term of employment is irrelevant to a wrongful discharge claim under the statute.
The motion to strike is denied as to the third special defense but is granted as to the second and seventh special defenses.
ROBERT A. FULLER, JUDGE