[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Donald A. Langmaid, filed a complaint on October 20, 1993, alleging in a single count that the defendant, Bushwick Iron Steel Co., Inc., discharged him in retaliation for his claim for workers' compensation benefits following a job related injury. The plaintiff further alleges that his discharge, and the defendant's subsequent refusal to rehire him, were a violation of General Statutes § 31-290a.
On March 17, 1994, the defendant filed a motion for summary judgment on the ground that no genuine issue of material fact exists in the plaintiff's complaint. Pursuant to Practice Book § 380, the defendant has filed a memorandum of law and accompanying affidavits in support of its motion, and the plaintiff has filed a memorandum of law and a counter-affidavit in opposition.
Summary judgment is appropriate only when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rawlings v. New Haven,206 Conn. 100, 104, 537 A.2d 439 (1988). The party moving for summary judgment has the burden of showing the non-existence of any genuinely disputed fact. Id. The proof submitted with a motion for summary judgment is viewed in the light most favorable to the non-moving party. Id. Summary judgment is only proper if the party would be granted a directed verdict on the same evidence at trial.Wilson v. New Haven, 213 Conn. 277, 567 A.2d 29 (1989).
General Statutes § 31-290a provides in pertinent part: "(a) No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate
against any employee because the employee has filed a claim forworkers' compensation benefits or otherwise exercised his rightsafforded to him pursuant to the provisions of this chapter."
(Emphasis added.) In its memorandum of law and affidavits in support of its motion for summary judgment, the defendant argues that there is insufficient proof as a matter of law to allow the CT Page 6708 plaintiff to proceed on a claim for retaliatory discharge. The defendant further argues that a reduction in labor due to a seasonal reduction in business, and the plaintiff's bad attitude and lack of motivation after being denied a promotion, were the causes of the plaintiff's discharge. In response, the plaintiff argues, inter alia, that "there was no seasonal layoff and that he was the only person laid off." In addition, the plaintiff argues that neither his attitude nor his level of job performance changed after being denied the promotion. Finally, the plaintiff argues that his discharge was in direct retaliation for his claim for workers' compensation benefits.
While it is true that the plaintiff bears the burden of proving improper motive on the part of the defendant, such proof may be accomplished by the use of either direct or circumstantial evidence. Spagnola v. Macristy Industries, Inc., 8 CSCR 1150
(October 1, 1993, Pittman, J.) At trial, the plaintiff must present some evidence from which a trier of fact could infer that the defendant discharged or discriminated against him because of an exercise of rights under the Workers' Compensation Act. Chiaia v.Pepperidge Farm, Inc., 24 Conn. App. 362, 588 A.2d 652 (1991). Proof of a violation of General Statutes § 31-290a requires the plaintiff to show improper motive on the part of the defendant. Cases involving questions of motive, intent and subjective feelings should not be resolved by summary judgment. Multi-ServiceContractors, Inc. v. Vernon, 193 Conn. 446, 451-52, 477 A.2d 653
(1984); Batick v. Seymour, 186 Conn. 632, 646-47, 443 A.2d 471
(1982); Town Bank Trust Co. v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978). Furthermore, a jury could reasonably believe either party on the basis of the evidence submitted in the affidavits and, therefore, the defendant would not be entitled to a directed verdict on this evidence. Accordingly, there exist genuine issues of material fact and summary judgment would be inappropriate. Therefore the defendant's motion for summary judgment is denied.
RICHARD A. DAMIANI, JUDGE CT Page 6709