[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant. Day Kimball Hospital, moves for summary judgment as to all counts of this wrongful termination suit. The first count alleges a violation of G.S. § 31-290a regarding a CT Page 38 retaliatory discharge of the plaintiff for her filing of a Workers' Compensation claim. The second count alleges a breach of an implied contract of continued employment based on the termination of the plaintiff for seeking benefits. The third count alleges a breach of the employer's duty of good faith and fair dealing by terminating the plaintiff's employment for making the Workers' Compensation claim.
Under P.B. § 17-49, the court shall render judgment forthwith if the pleadings and affidavits accompanying a motion for summary judgment and any opposition thereto show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. The factual underpinning essential to the plaintiff's claims under all three counts is that the defendant discharged her because she availed herself of the benefits afforded by the Workers' Compensation Act.
A review of all the material submitted by both parties disclosed that the plaintiff's employment was terminated because she was unable to work at her job for a considerable length of time, over one year, as a result of a work-related injury and because the defendant wanted to hire, on a full-time basis, the per diem worker who substituted for the plaintiff during her absence. None of the material offered to the court supports an inference that the defendant discharged the plaintiff because she sought recourse to the Act. During her deposition, the plaintiff agreed that her discharge stemmed from her inability to return to work. No shred of evidence was proffered from which it could reasonably and logically be inferred that the defendants motivation for terminating the plaintiff arose out of her filing for Workers' Compensation benefits. The mere fact of termination is insufficient to create an inference of an intent to discriminate against the plaintiff based on her claiming benefits. The affidavits and deposition testimony all reflect the defendants desire to fill the plaintiffs position with a full-time employee because of the length of the plaintiffs treatment and convalescence. The court concludes that there exists no genuine issue on this point.
 I
As to the first count, in order to establish a prima facie
violation of § 31-290a, the employee must present some evidence from which the trier-of-fact could reasonably conclude CT Page 39 that the employer discharged the employee because of the exercise of rights under the Act. Chiaia v. Pepperidge Farm, Inc.,24 Conn. App. 362, 366 (1991). An employer is not required to retain an employee, under § 31-290a, who is unable to perform work even though that inability arises from a work related injury for which the employee has requested Workers' Compensation benefits.Erisoty v. Merrow Machine Co., 34 Conn. App. 708, 713 (1994). Improper motive to penalize the employee for using the Act is thesine qua non to any action under § 31-290a. Chiaia v.Pepperidge Farm, Inc., supra.
Because there is no genuine issue that the defendant lacked such improper motive, judgment is rendered for the defendant on this count.
 II
As to the second and third counts, the plaintiff has specifically pleaded, as judicially admitted at oral argument, that the breach of implied contract and of good faith and fair dealing are based solely on the claim that the defendant discharged the plaintiff because of a work-related injury for which she sought benefits under the Act. Again, no evidence was submitted from which a reasonable inference may be drawn that the plaintiff suffered termination because she filed a Workers' Compensation claim. All evidence submitted points to the cause of the termination being the defendants desire to hire a full-time replacement for the plaintiff who was then unable to return to work after a prolonged recovery.
Once the plaintiff framed these counts as arising out of employment contract breaches based on retaliation for making a Workers' Compensation claim, the plaintiff is bound to prove such improper motive. A party who pleads a certain theory voluntarily assumes the burden of proving that theory in order to recover.Knapp v. Tidewater Coal Co., 85 Conn. 147, 157 (1912); Basney v.Klema, 2 Cir. Ct 538, 539 (1964); E. Stephenson, Connecticut Civil Procedure (3rd Ed. 1997), § 45c. Because there is no genuine evidentiary dispute that the defendant lacked such retaliatory motive, the defendant is entitled to judgment on these counts, also.
The defendants motion for summary judgment is granted.
Sferrazza, J. CT Page 40