[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS FOR SUMMARY JUDGMENT (#124 and #127)
This is an action in two counts in which the plaintiff Kenneth Forsythe ("Forsythe") alleges that the defendant John Ambrogio ("Ambrogio"), in his capacity as chief of police of the Town of Hamden, intentionally inflicted emotional distress and discriminated against him for filing a claim for workers' compensation benefits in violation of General Statutes § 31-290a. See Complaint dated August 11, 1997. The plaintiff makes the same claims against the defendant Town of Hamden ("Hamden") under a theory of vicarious liability. See Amended Complaint as to Town of Hamden dated December 29, 1997. Ambrogio has moved for summary judgment on the complaint against him (#124). Hamden has also moved for summary judgment (#127). For the reasons stated below, the court grants Ambrogio's motion for summary judgment on the complaint. Since the action against Hamden is premised on a theory of vicarious liability, the court grants Hamden's motion for summary judgment as well. CT Page 8757
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998). The moving party has the burden of demonstrating the absence of a genuine issue of material fact, but the party opposing the motion must provide evidence to demonstrate the existence of such an issue. Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000); Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
Ambrogio has submitted extensive documentation in support of his motion for summary judgment including numerous interoffice memoranda, a statement given by Forsythe on June 3, 1997, correspondence, the minutes of a June 11, 1997 meeting of the Hamden Board of Police Commissioners, the transcript of Forsythe's deposition taken on March 17, 2000 and Ambrogio's affidavit dated December 14, 2000. Forsythe has not submitted any affidavits or other proof in opposition, but does cite to and rely upon certain pages of his deposition in his memorandum in opposition to the motion for summary judgment.[1]
"In order to surmount a motion for summary judgment, a party must demonstrate that there exists a genuine issue of material fact. . . . Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred. . . . A material fact is one that will make a difference in the result of the case. . . . To establish the existence of a material fact, it is not enough for the party opposing summary judgment merely to assert the existence of a disputed issue. . . . Such assertions are insufficient regardless of whether they are contained in a complaint or a brief. . . . Further, unadmitted allegations in the pleadings do not constitute proof of the existence of a genuine issue as to any material fact. . . . (Internal citations omitted)." New Milford Savings Bank v. Roina,38 Conn. App. 240, 244-45, 659 A.2d 1226 (1995).
Ambrogio has met his burden of demonstrating the absence of a genuine issue of material fact and Forsythe has failed to provide an evidentiary foundation demonstrating the existence of a genuine issue of fact. The pertinent facts are as follows: Forsythe was an officer of and Ambrogio was the chief of the Hamden Police Department during all relevant times. On April 1, 1997, while he was out of work on injury leave for which he was receiving workers' compensation benefits, Forsythe suffered burns on CT Page 8758 his back at home and placed two telephone calls to the dispatcher at central communications at the Hamden Police Department to request an outside line for Hamden Fire Station 2. (Exs. D, J, M p. 22). Outside lines are not recorded. (Ex. N). In a separate recorded call on the same date between the fire dispatcher. and an unidentified firefighter, the latter stated that Forsythe "was moving a hot water heater and he, I don't know if he dropped some water on his back or something and he may have burned. . . ." (Ex. D.) Captain Gustav Gertz subsequently advised Ambrogio of this information and Ambrogio referred the matter to the Internal Affairs Division of the Hamden Police Department for an investigation of possible violations of departmental rules and policies. (Ex. N). An investigation was conducted between April 9 and 23, 1997. (Ex. A, B, C, E, F). On April 28, 1997, Ambrogio wrote a letter to Forsythe advising that formal charges against him were being forwarded to the Hamden Board of Police Commissioners ("board") based on the incident of April 1, 1997. (Ex. G). This was a few weeks before Forsythe was scheduled for shoulder surgery on May 12, 1997, and notice of the charges "kind of weighed on [him] mentally." (Ex. M, p. 50).
Further investigation of the April 1, 1997 incident occurred after the referral to the board, including the taking of Forsythe's statement on June 3, 1997. (Ex. I, J, K). On June 11, 1997, Deputy Chief Riccitelli reported to the board that, due to additional information, the complaint against Forsythe had been withdrawn. (Ex. L). Forsythe was never brought before the board on these charges and no actions were taken against him. (Ex. M, p. 49). When the charges were dropped, the initial stress on Forsythe was lifted. (Ex. M, p. 51). Forsythe returned to work full-time after he recovered from his shoulder surgery. (Ex. M, p. 52). In October 1997, just before he was scheduled to return to work, Forsythe talked with JoAnn Donegan, who is a psychologist or psychiatrist for the town run EAP about "stress, being a police officer having a family, being worried about providing for them" and also about the "anxiety of going back to work." (Ex. M, pp. 52-55). Forsythe has not taken medications for any psychological issues and has not suffered from any distress which affected his ability to perform his job, do chores around the house or take care of his children. (Ex. M, p. 56, 58, 59-60).
 I. Intentional Infliction of Emotional Distress
There are four elements which a plaintiff must establish to prevail on a claim of intentional infliction of emotional distress. "It must be shown: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff CT Page 8759 was severe." (Internal quotation marks omitted.) Petyan v. Ellis,200 Conn. 243, 253, 510 A.2d 1337 (1986). Liability requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. (Emphasis in original; internal quotation marks omitted.) Id., 200 Conn. 254 n. 5, quoting W. Prosser W. Keeton, Torts (5th ed. 1984) § 12, p. 60. "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy . . . these elements is a question, in the first instance, for [the] court." (Internal quotation marks omitted.) Ancona v. Manafort Bros., Inc.,56 Conn. App. 701, 712, 746 A.2d 184 (2000).
As a matter of law, Ambrogio's conduct was not extreme and outrageous. The undisputed facts establish that Ambrogio acted in a reasonable manner in seeking to conduct an investigation regarding the facts of the April 1, 1997 incident after he learned that Forsythe sought an unrecorded outside line to the fire department and that at least one person had reported that Forsythe, who was out with a work-related injury and was awaiting shoulder surgery, had moved a hot water heater. Ambrogio did not forward formal charges to the Hamden Board of Police Commissioners until these allegations were investigated. Further, the charges were withdrawn from the board's consideration shortly after the police department had an opportunity to interview Forsythe to learn his version of the events.
Forsythe, however, has argued that there was a pattern of acts taken against him by Ambrogio that amount to extreme and outrageous conduct and he relies on certain pages of his deposition to support this argument (Ex. M, pp. 39-40, 50-51, 62). This evidence does not demonstrate any pattern of extreme and outrageous conduct. At pages 39-40, Forsythe testified that he was told in 1989, when he was still in the police academy, that the chief was trying to fire him and two others. At pages 50-51, Forsythe asserted that he felt he was working for "someone that's looking to get me and had been . . . from the date I was hired in 1989," and he made a similar assertion at page 62. Such conclusory assertions do not rise to the level of substantial evidence to raise a genuine issue of material fact regarding the allegation of a pattern and practice of extreme and outrageous actions.[2] Moreover, even if these assertions provided a sufficient evidential basis of a pattern and practice, as a matter of law they do not amount to extreme and outrageous conduct.Compare Anacona v. Manafort Bros., Inc., supra, 56 Conn. App. 712-13 (finding insufficient a course of conduct including failure to abide by an oral promise, shadowy procurement of a check, issuance of exorbitant demand letter, pursuance of prejudgment remedy on a false application and pursuance of a breach of contract action) with Bell v. Board ofEducation, 55 Conn. App. 400, 410-11, 739 A.2d 321 (1999) (finding sufficient allegations of an atmosphere of chaos, disruptiveness, CT Page 8760 physical and verbal violence and a school as a "place of fear" with conduct occurring for two years). Generally, "an employment dispute between an allegedly harsh supervisor and an employee does not form the basis for a claim of intentional infliction of emotional distress."DeLeon v. Little, 981 F. Sup. 728, 738 (D.Conn. 1997).[3]
Additionally, as a matter of law any emotional distress that Forsythe may have suffered as a result of Ambrogio's conduct does not rise to the level of severity required for this tort. "[E]motional distress is severe where it reaches a level which no reasonable person could be expected to endure." (Internal quotation marks omitted; internal citation omitted.)Almonte v. Coca-Cola Bottling Co. of N.Y., Inc., 959 F. Sup. 569, 575
(D.Conn. 1997). Forsythe testified that the referral of the charges weighed on him mentally, however, he also testified that the initial stress was lifted when the charges were dropped. This is insufficient. See Barry v. Posi-Seal International, Inc., 36 Conn. App. 1, 19-20,647 A.2d 1031 (1994) (testimony that discharge was embarrassing and humiliating insufficient). Forsythe has not come forward with an evidential basis to demonstrate that he suffered any symptoms of emotional distress to the "extraordinary degree" required to defeat the motion for summary judgment. See Almonte v. Coca-Cola Bottling Co. ofN.Y., Inc., supra, 959 F. Sup. 576.
 II. Retaliation
"General Statutes 31-290a was designed to protect plaintiffs who file for workers' compensation benefits and is in essence a statutorily created tort deriv[ed] from the action for wrongful discharge set forth in Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 427 A.2d 385
(1980)]." (Internal quotation marks omitted; internal citations omitted.)Chiaia v. Pepperidge Farm, Inc., 24 Conn. App. 362, 365-66, 588 A.2d 652
(1991). To make out a prima facie case under § 31-290a, an employee "must present some evidence from which a trier of fact could infer that the employer discharged or discriminated against the employee because he or she had exercised his or her rights under the Workers' Compensation Act." Id. 24 Conn. App. 366. This cause of action requires some proof of an improper motive. Id. It also requires proof of an adverse employment action causally connected to the exercise of rights under the Act.
Forsythe has failed to come forward with an evidential basis upon which the court could conclude that he would be able to establish a prima facie case of a § 31-290a violation. Ambrogio has submitted an affidavit in which he avers that he "did not act with any intent to discriminate or retaliate against Kenneth Forsythe for filing a worker's compensation claim when I referred the matter . . . for investigation." (Ex. N.) The other documentation Ambrogio has filed in support of his motion for CT Page 8761 summary judgment reveal that Ambrogio was aware of sufficient facts, suggesting that Forsythe had acted in a manner inconsistent with his work-related injury, to undertake an investigation to determine whether Forsythe had violated any rules or regulations of the Hamden Police Department. It was appropriate for Ambrogio to undertake such an investigation in his capacity as chief of police. Forsythe has not filed any opposing documentation which raises a genuine issue of material fact about whether Ambrogio acted with the requisite improper motive. It is appropriate t6 grant summary judgment on the issue of improper motive in case like this "in which the documentation filed illuminates the issue involved and reveals the lack of a genuine issue of material fact of intent when viewed in the circumstances of the case." Nolan v. Borkowski, 206 Conn. 495, 506, 538 A.2d 1031 (1988).
Furthermore, there is no evidence that Forsythe suffered an adverse employment action. Although Ambrogio forwarded charges to the Hamden Board of Police Commissioners, the charges were withdrawn after the police department had an opportunity to interview Forsythe and obtain his version of the events. Thus, Forsythe was never brought before the board on the charges and no actions were taken against him.
 III. Vicarious Liability
In his amended complaint dated December 29, 1997 against the Town of Hamden only, Forsythe seeks to hold Hamden responsible for the actions of Ambrogio on a theory of respondeat superior. Although Hamden has moved for summary judgment on a number of grounds, the court's conclusion that Ambrogio, the alleged primarily liable tortfeasor, is entitled to summary judgment on the complaint against him compels the conclusion that Hamden is likewise entitled to summary judgment on the complaint against it because its vicarious liability has been extinguished. See Alvarez v. NewHaven Register, Inc., 249 Conn. 709, 720-24, 735 A.2d 306 (1999).
 IV. Conclusion
For the foregoing reasons, the defendant Ambrogio's Motion for Summary Judgment (#124) is granted and judgment shall enter for the defendant Ambrogio and against the plaintiff Forsythe on the complaint dated August 11, 1997. Likewise, the defendant Town of Hamden's Motion for Summary Judgment (#127) is granted and judgment shall enter for the defendant Hamden and against the plaintiff Forsythe on the complaint dated December 29, 1997.
_____________________ LINDA K. LAGER, JUDGE CT Page 8762