[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On November 5, 1999, the plaintiff commenced an action against her employer, Walnut Hill, Inc. d/b/a Walnut Hill Convalescent Home, Inc., hereafter "Walnut Hill," for retaliatory discharge and wrongful termination pursuant to Connecticut General Statutes § 31-290a. This matter is now before the court on the defendant's motion for summary judgment.
 I FACTUAL BACKGROUND
The plaintiff was employed by Walnut Hill from November 15, 1995 to April 6, 1999 as a certified nursing assistant. On May 10, 1997, she sustained injuries to her lower back when lifting a patient and on April 22, 1998, she sustained injuries to her right wrist when a patient grabbed her thumb and twisted it. She filed a claim for workers compensation benefits for both injuries. With respect to her back injury, on August 25, 1997, her physician permitted her to return to work but restricted her to light duty assignments. On February 2, 1998, her physician assessed her as having a permanent partial disability to her lumbar sacral spine. She continued to work on light duty until April 6, 1999 when her employment was terminated. The plaintiff claims that as a result of filing for worker's compensation Walnut Hill terminated her from her employment and refused to provide her with light duty work, even though such work was available. She claims damages, legal fees, reinstatement to the last position she held as well as wages, fringe benefits and pension credits.
The defendant denies the operative portions of this complaint. The defendant states that it made light duty work available to the plaintiff during the period of her recovery. It also admits that it had light duty assignments available at the time of the plaintiff's termination from employment. As a matter of its neutral employment policy, Walnut Hill does not make such assignments permanently available to employees who have reached maximum medical improvement after either a work-related or a non-work-related injury.[1] It admits it was not aware of the first medical finding concerning the plaintiff's back injury until after her CT Page 15730 wrist injury and that it therefore continued to accommodate the plaintiff and employ her until she had reached maximum medical improvement for this injury. It also denies that the plaintiff was ever able, post injury, to perform the essential duties of a certified nurse's aide.
The defendant argues in support of its motion for summary judgment that there are no material facts in dispute in this matter and it is entitled to judgment as a matter of law. It also contends that the plaintiff has not and cannot show any facts to support her assertion of an improper motive in her termination of employment due to Walnut Hill's application of its neutral employment policy. It argues that she cannot establish a prima facie case of discrimination. Walnut Hill further argues that the plaintiff has never been medically cleared to return to full unrestricted duty. Further it alleges that the plaintiff failed to exhaust her administrative remedies before the worker's compensation commissioner pursuant to General Statutes § 31-313 which bars her present claim before the Superior Court.
The plaintiff argues in opposition that the employment policy in question is not neutral in that it discriminates against injured employees. She alleges that she could lift twenty-five (25) pounds and was able to perform the essential functions of a certified nurse's aide. She further states that her unemployment notice which states the reason for her termination as unable to meet job requirements — workers compensation" is clear proof of such retaliation and that she has made out a prima facie case pursuant to § 31-290.
For the reasons stated in detail below, the court grants the motion for summary judgment.
 II LEGAL DISCUSSION A. Summary Judgment
Practice Book § 17-49 provides that summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. "[Summary judgment] is appropriate only if a fair and reasonable person could conclude only one way. . . . [A] summary disposition. . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorableto the nonmovant, the trier of fact could not reasonably reach any other CT Page 15731 conclusion than that embodied in the verdict as directed." (citations omitted; emphasis in original.) Miller v. United Technologies Corp.,233 Conn. 732, 751, 752, 660 A.2d 810 (1995). "The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence." (Internal citations omitted.) Pion v. SouthernNew England Telephone Co., 44 Conn. App. 657, 663, 691 A.2d 1107 (1997). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). "In deciding motions for summary judgment, the trial court is obligated to construe the evidence in the light most favorable to the nonmoving party." Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378,383, 635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115 (1994).
 B. Employment Discrimination pursuant to General Statutes § 31-290a
The plaintiff's complaint is brought pursuant to § 31-290a, which provides in pertinent part:
 (a) No employer who is subject to the provisions of chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for worker's compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.
"General Statutes § 31-290a was designed to protect [employees] who file for workers' compensation benefits. . . ." Chiaia v. PepperidgeFarm, Inc., 24 Conn. App. 362, 365, 588 A.2d 652, cert. denied,219 Conn. 907, 593 A.2d 133 (1991). "In setting forth the burden of proof requirements in a § 31-290a action, we look to federal law for guidance." Ford v. Blue Cross Blue Shield of Connecticut, Inc.,216 Conn. 40, 53, 578 A.2d 1054 (1990).
 1 The Prima Facie Case
The defendant contends that the plaintiff cannot establish that it fired the plaintiff with discriminatory intent and therefore cannot make out a prima facie case. The plaintiff counters that she has provided affidavits, which give evidence to support the drawing of an inference of such intent. Specifically, she claims the wording of the pink slip is such evidence, her ability to perform the essential functions of a nurses's aide as well as the continued availability of light duty work. CT Page 15732
In order to meet her burden of setting forth a prima facie case, the plaintiff must prove three things: (1) that she is a member of a protected group; (2), that she was qualified for the position; and (3) that she was adversely affected by an employment decision of the defendant as a result of discrimination. "In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination." Ford v. Blue Cross Blue Shield of Connecticut, Inc., supra, 216 Conn. 53, see also Jones v. Forst, 41 Conn. App. 341, 345,675 A.2d 922 (1996). Once this showing has been made, the burden shifts to the defendant to produce evidence that its actions were motivated by a neutral legitimate business reason. "If the defendant carries its burden of production, the presumption raised by the prima facie case is rebutted and the factual inquiry proceeds to a new level of specificity." Ford v.Blue Cross Blue Shield of Connecticut, Inc., supra 54. In cases such as this one, the Connecticut Supreme Court has specifically approved the use of the shifting burden analysis set forth in McDonnell Douglass Corp. v.Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Ford v. BlueCross Blue Shield of Connecticut, Inc., supra 53.
There is no question, but that the plaintiff in this case has established certain elements of her prima facie case. The defendant in this case conceded that the plaintiff has met two prongs of its prima facie case, namely that the plaintiff filed for and collected worker's compensation benefits pursuant to the Connecticut Workers' Compensation Act as well as that she was terminated. The parties are thus agreed that the plaintiff is a member of a protected class. There is no dispute that the plaintiff was terminated from her position and therefore suffered an adverse employment action. The defendant, however, claims that the third leg of the triad is missing, that the plaintiff cannot show the crucial causal connection between the protected activity and the termination itself. The court agrees.
"A causal connection may be established either indirectly by showing that the protected activity was followed closely by discriminatory treatment, or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or directly through evidence of retaliatory animus directed against a plaintiff by the defendant." (Internal quotation marks omitted.) Johnson v. Palma, supra,931 F.2d 203, 207, (2d. Cir. 1991). "Often, a plaintiff cannot prove directly the reasons that motivated an employment decision. Nevertheless, a plaintiff may establish a prima facie case of discrimination through inference by presenting facts [that are] sufficient to remove the most likely bona fide reasons for an employment action. . . ." (Internal quotation marks omitted, citations omitted.)Levy v. Commission of Human Rights Opportunities, 236 Conn. 96, 107, CT Page 15733671 A.2d 349 (1996); see also Ann Howard's Apricots Restaurant v.Commission of Human Rights Opportunities, 237 Conn. 209, 224,676 A.2d 844 (1996).
In this matter, the defendant did not take adverse action directly following the filing of the plaintiff's claim for worker's compensation. Rather, the plaintiff was not fired from her position for over two years from the time that she first began to receive worker's compensation. Without the temporal connection between the protected activity and the alleged discriminatory act, the plaintiff is required to provide direct evidence of animus towards her or evidence of disparate treatment. There has been no such evidence presented. While the plaintiff claims that the "pink slip" supplies this, the court does not agree. Perhaps inartfully worded, the slip refers to the fact that the plaintiff cannot perform the duties of a certified nurse's aide. The court cannot read anything further into this statement. Additionally, the plaintiff has failed to come forward with any direct proof or other persuasive evidence to support her claim. Therefore, the plaintiff fails to meet her burden on establishing a prima facie case and thus fails to defeat the motion for summary judgment.
 2 Rebuttal of the Prima Facie Case
Even assuming arguendo that the plaintiff was able to meet her burden of establishing a prima facie case as she insists, the defendant would still be entitled to summary judgment because it has presented a legitimate business reason for its employment decision.[2] The defendant, in this case, contends that it neutrally applied its policy not to provide permanent light duty work for all employees who have reached maximal medical improvement and cannot perform their customary job. Notwithstanding the plaintiff's claims to the contrary, this neutral application is sufficient to rebut any prima facie case of discrimination.
A significant number of jurisdictions have recognized the tort of retaliatory discharge, either through statute or judicial decision.Chiaia v. Pepperidge Farm, Inc., supra, 24 Conn. App. 367. In Chiaia, the court observed that: "Few courts, however, have expanded the definition of discriminatory discharge to include a discharge occasioned by the neutral application of an absence control policy to an employee who was injured and collected workers' compensation benefits." Id., 367. Furthermore, it is widely recognized that absence control policies that are neutrally applied, even if they make no distinction between work-related and non-work related injuries, are not per se violative of General Statutes § 31-290a. Id., 364-65. CT Page 15734
In this case the defendant did not utilize an absence control policy, but a neutrally applied policy for termination of employees who had reached maximum medical improvement and could not resume their previous position. This policy, like the absence control policy in Chiaia, also applied without distinction to work and non-work-related work injuries.
Having produced this neutral and non-discriminatory reason for the employment decision, the burden shifts and the plaintiff must now overcome the rebuttal of her prima facie case by establishing that the reason offered by the defendant was a pretext or by proving discriminatory intent.
 3 Pretext or Discriminatory Motive or Intent
The plaintiff argues that the leave of absence policy was not the real reason for her termination. She asserts that the real reason she was terminated is because of discrimination against her for having filed a workers' compensation claim. She argues that light duty work was available and that it should have been offered to her. She does not allege that it had been offered to other employees in the past and should have been offered to her but for the defendant's discriminatory conduct.
The difficulty with this argument is that § 31-290a "does not require an employer to retain an employee who is unable to perform his or her work simply because that inability resulted from work related injury or illness." Chiaia v. Pepperidge Farm, Inc., supra, 24 Conn. App. 366. The Workers' Compensation Act imposes only a limited duty on the employer to provide work for an injured employee, if it is available. Id., 368. Legislative guidelines regarding the provision of limited duty are found in § 31-313. Without some specific factual showing other than the mere assertion of a conclusion that the employer had an improper motive, the plaintiff cannot prevail on her claim that the defendant discriminated against her. Erisoty v. Merrow Machine Co., 34 Conn. App. 708,713, 643 A.2d 898, cert. Denied, 231 Conn. 908, 648 A.2d 151 (1994).
The plaintiff argues that this court should deny the defendant's motion for summary judgment because the issue of motive is an issue for the jury to decide. Unfortunately, the plaintiff provides this court with no evidence to support her claim of discriminatory motive. The plaintiff has a duty to present facts from which a trier of fact might draw an inference of illegal motive. The plaintiff has failed to do this. Absent such evidence, there are no issues of material fact now in dispute regarding discriminatory motive.
 C CT Page 15735 Failure to exhaust Administrative Remedies
The defendant also argues that the plaintiff is really alleging a violation of § 31-313 under which she is only entitled to the remedy available under § 31-313, a claim to the workers' compensation commissioner. It argues that the plaintiff's failure to provide any facts to support her retaliatory discharge claim demonstrates the fact that this complaint is in fact a claim under that portion of § 31-313
provides, in pertinent part:
 (b) the commissioner shall conduct a hearing upon the request of an employee claiming to be unable to perform his customary or most recent work because of physical incapacity resulting from an injury or disease. Whenever the commissioner finds the employee has such physical incapacity, he shall order that the injured worker be removed from work detrimental to his health of which cannot be performed by a person so disabled and be assigned to other suitable full-time work in the employer's establishment, if available; provided that the exercise of this authority shall not conflict with any provision of a collective bargaining agreement.
The plaintiff's opposition to the motion for summary judgment contains no specific responses to the exhaustion of administrative remedies claim.[3] Essentially, the plaintiff appears to argue that she is alleging a violation of § 31-290a because Walnut Hill failed to make light duty work available, and that this violation forms a basis for her retaliation claim under § 31-290a. Therefore, the plaintiff asserts by implication that she can bring her claim under § 31-290a, instead of under § 31-313, and assert her choice of remedies available under § 31-290a, by bringing her claim to the superior court. The gravamen of her complaint is that the Defendant failed to allow her to retainpermanent light duty work.
While there is a difference of opinion between the parties as to whether the plaintiff, after having reached maximum medical improvement, could lift twenty-five (25) or twenty (20) pounds, there is no question that she has not been medically cleared for anything other than light duty work. While the plaintiff claims to be able to perform the "essential functions" of a certified nurse's aide, no one disagrees that she cannot engage in any heavy lifting such as lifting or transferring patients.[4]
Section § 31-313 does provide the right for transfer to work CT Page 15736 suitable, where such work is available, during a period of treatment, rehabilitation, or physical incapacity. General Statutes §31-313(a)(1). There is no dispute in this case that Walnut Hill provided that opportunity to the plaintiff during her period of rehabilitation from her back injury and her wrist injury. The second section set forth above also provides an administrative remedy when an employee has been disabled and cannot perform the earlier work. However, the statute also delegates enforcement of violations of the statute by employers to the workers' compensation commission upon an employee's claim that her employer has not transferred her to permanent work suitable to her condition. This, the court finds is the essence of the plaintiff's claim against Walnut Hill. There is, however, no allegation that the plaintiff has exercised this administrative remedy.
The court further notes that it is not illegal for Walnut Hill to terminate an employee such as the plaintiff here who can no longer perform her customary work duties, in this case the duties of a certified nurse's aide.[5] In Chiaia v. Pepperidge Farm, Inc., supra,24 Conn. App. 366, the court stated "Section 31-290a does not require an employer to retain an employee who is unable to perform his or her work simply because that inability resulted from a work related injury." In the case of Wright v. Turner Seymour Manufacturing Co., Superior Court, judicial district of Litchfield, Docket No. 54079 (June 25, 1991,Pickett, J.) a motion to strike was granted on a § 31-290a claim because "the plaintiff failed to exhaust the remedy available to him in § 31-313(a)(2) and is not entitled to maintain an action pursuant to section § 31-290a." Judge Picket's opinion holds that merely alleging that § 31-290a is implicated because action was taken by an employer which was not in accord with the dictates of § 31-313 is legally insufficient.
While a summary judgment motion raises issues different from a motion to strike, the case nonetheless points out that the plaintiff in this case has also attempted to convert a § 31-313 claim of failure to permit the plaintiff a permanent light duty assignment to an employment discrimination claim under § 31-290a.
 IV CONCLUSION
For the foregoing reasons, the motion for summary judgment is granted.
BY THE COURT BARBARA M. QUINN, Judge CT Page 15737