[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 13, 1998, the plaintiff Richard D'Agata commenced this action, in one count, against the defendant Sears, Roebuck 
Company (hereinafter, "Sears") for retaliatory termination and discharge pursuant to General Statutes § 31-290a. Presently before the court is the defendant's motion for summary judgment. The pertinent facts are as follows. CT Page 10928
I. FACTUAL BACKGROUND
The plaintiff was employed by the defendant from 1986, when he worked as a part time employee, to October 20, 1997, when he was terminated. Initially, the plaintiff repaired small appliances, vacuum cleaners and washers and dryers, and later he worked full time as a repair technician, traveling from house to house, operating the company vehicle. On June 13, 1996, while in the course of his employment with the defendant, the plaintiff was seriously injured in an automobile accident. He received medical treatment. As a result of his injuries, the plaintiff filed a claim for worker's compensation benefits through Sears. From June 13, 1996 to October 20, 1997, the plaintiff was medically unable to return to full duty work. On March 24, 1997, however, the plaintiff's physician released him to work a maximum of two hours per day, answering telephones. On June 13, 1997, the plaintiff's physician released him to work four hours per day, answering telephones. On August 13, 1997, the defendant was informed that the plaintiff had reached his "maximum medical improvement."[1] The plaintiff's physician specified that due to his medical condition the plaintiff should be limited to lifting no more than 10 pounds; he should not work above shoulder height; he should avoid awkward bending, stooping, and reaching; and he should avoid standing for long periods of time or walking for long distances. Pursuant to the physician's report, it was highly unlikely that the plaintiff would be able return to his previous position.
The defendant claimed that there was no light duty available for the plaintiff, and on October 20, 1997 the defendant terminated the plaintiff pursuant to its Leave of Absence Policy.[2] That policy provides that, "where state law permits, associates not released to return to work at the expiration of" 1 year and 20 weeks, will be terminated. The plaintiff received the maximum leave under the policy and then was terminated.
The plaintiff claims that as a result of his filing his worker's compensation claim, Sears: (1) refused to allow the plaintiff to return to his job; (2) refused to give the plaintiff light duty; and (3) terminated the plaintiff from his position.
II. ARGUMENTS OF THE PARTIES
The defendant argues in support of its motion for summary CT Page 10929 judgment that there are no issues of material fact in dispute. The defendant also contends that the plaintiff cannot produce any evidence of improper motive in his termination because he was terminated in accordance with a neutral employment policy. The defendant also argues that because the plaintiff was never cleared medically to return to work, and because it is under no legal obligation to provide the plaintiff with light duty, the plaintiff cannot recover in this matter.
The plaintiff argues in opposition to the motion for summary judgment that there are numerous factual issues in dispute, including whether or not the defendant neutrally applied its policy to the plaintiff; whether or not the plaintiff was offered light duty by an agent of the defendant; and whether the defendant treated the plaintiff differently than it did other employees who had filed Worker's Compensation actions.
For reasons more fully set forth below, this court finds the defendant's arguments to have merit and, accordingly, grants its motion for summary judgment.
III. LEGAL DISCUSSION
A. Summary Judgment
"Practice Book § [17-49] provides that rendition of a summary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Millerv. United Technologies Corp. , 233 Conn. 732, 755-52, 660 A.2d 810
(1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). The genuine issue aspect of summary judgment procedure requires that, prior to trial, the parties provide the court with evidentiary facts, or substantial evidence outside of the pleadings from which the material facts alleged in the pleadings can be inferred. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578-79, 573 A.2d 699 (1990);United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,378-79, 260 A.2d 596 (1969). "In deciding motions for summary judgment, the trial court is obliged to construe the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Gabrielle v. Hospital of St. Raphael, CT Page 1093033 Conn. App. 378, 382-83, 635 A.2d 1232, cert. denied,228 Conn. 928, 640 A.2d 115 (1994).
B. Employment Discrimination pursuant to C.G.S. § 31-290a
The plaintiff's one count complaint is brought pursuant to General Statutes § 31-290a, which provides in pertinent part:
 (a) No employer who is subject to the provisions of chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for worker's compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.
General Statutes "[s]ection 31-290a was designed to protect employees who file for workers compensation benefits." Chiaia v.Pepperidge Farm, Inc., 24 Conn. App. 362, 365-66, 588 A.2d 652, cert. denied, 219 Conn. 907, 593 A.2d 133 (1991). "In setting forth the burden of proof requirements in a § 31-290a action, we look to federal law for guidance." Ford v. Blue Cross BlueShield of Connecticut, Inc., 216 Conn. 40, 53, 578 A.2d 1054
(1990).
1. The Prima Facie Case
The defendant contends that the plaintiff cannot establish that it fired the plaintiff with discriminatory intent. The plaintiff counters that he has evidence which will support the drawing of an inference of such intent. In order to reach a jury the plaintiff must be able to establish a prima facie case of discrimination.
"Often, a plaintiff cannot prove directly the reasons that motivated an employment decision. Nevertheless, a plaintiff may establish a prima facie case of discrimination through inference by presenting facts [that are] sufficient to remove the most likely bona fide reasons for an employment action." (Internal quotation marks omitted. Internal citations omitted.) Levy v.CHRO, 236 Conn. 96, 107, 671 A.2d 349 (1996). See also, AnnHoward's Apricots Restaurant v. CHRO, 237 Conn. 209, 224,676 A.2d 844 (1996).
In order to sustain his burden of establishing a prima facie case the plaintiff must prove that he is a member of a protected CT Page 10931 group; that he was qualified for the position; and that he was adversely affected by an employment decision of the defendant as a result of discrimination. Ford v. Blue Cross Blue Shield ofConnecticut, Inc., supra, 216 Conn. 53-54. "In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. Texas Dept. of CommunityAffairs v. Burdine, 450 U.S. 248, 252, 101 S.Ct. 1089,67 L.Ed.2d 207 (1981)." Jones v. Forst, 41 Conn. App. 341. 345. 675 A.2d 922 (1996). Once this prima facie showing is made, the burden shifts to the defendant to produce evidence that its actions were motivated by a legitimate business reason. Ford v.Blue Cross, supra, 216 Conn. 40. Upon the production of a legitimate business reason for the employment decision, the plaintiff's prima facie case is rebutted and the burden shifts back to the plaintiff to establish that the proffered reason was a mere pretext, and that the true motivations of the defendant were discriminatory. Id.
In cases such as the instant one[3], the Connecticut Supreme Court has approved the use of the McDonnell DouglassCorp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668
(1973) shifting burden analysis[4]. Ford v. Blue Cross BlueShield of Connecticut, Inc., supra, 216 Conn. 40.
"The burden that an employment discrimination plaintiff must meet in order to defeat summary judgment at the prima facie stageis de minimis." McClee v. Chrysler Corporation, 109 F.3d 130, 134
(2nd. Cir. 1997). "We have previously held that the level of proof a plaintiff is required to present in order to establish aprima facie case of discrimination is low." De La Cruz v. NewYork Human Resources Administration Dept. of Social Services,82 F.3d 16, 20 (2nd. Cir. 1996). The de minimis standard, as the plaintiff's burden of proof for prima facie discrimination, has been universally accepted in federal case law. See Essex v.United Parcel Service, Inc., 111 F.3d 1304 (7th Cir. 1997);Henson v. Liggett Group, Incorporated, 61 F.3d 270 (4th Cir. 1995); Morgan v. Hilti, Inc., 108 F.3d 1319 (10th Cir. 1997).
The plaintiff, to make out a prima facie case of retaliatory discharge, must establish through de minimis evidence, "(a) participation in a protected activity known to the defendant; (b) an employment action disadvantaging the plaintiff and (c) a causal connection between the protected activity and the adverse employment action." DuBois v. State of New York, 966 F. Sup. 144,147 (N.D.N.Y. 1997); Johnson v. Palma, 931 F.2d 203, 207
(2nd Cir. 1991). CT Page 10932
There is no question, but that the plaintiff in this case has established certain elements of his prima facie case. First, the plaintiff has sufficiently established that he was participating in a protected activity; namely, the collection of worker's compensation benefits pursuant to the Connecticut Worker's Compensation Act. Thus, the plaintiff established that he is a member of a protected group. Second, the plaintiff provided uncontroverted evidence that he suffered an adverse employment action; it is undisputed that the defendant terminated the plaintiff's employment. Additionally, the plaintiff has established that he is available and physically able to do certain light duty jobs.[5] The plaintiff, however, has failed to show that he will be able to establish, even under the de minimis standard of burden of proof, the causal connection between the first two elements of his prima facie case of retaliatory discharge.
"A causal connection may be established either indirectly by showing that the protected activity was followed closely by discriminatory treatment, or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or directly through evidence of retaliatory animus directed against a plaintiff by the defendant." (Internal quotation marks omitted.) Johnson v. Palma, supra, 931 F.2d 207. "[A]dverse action directly follow[ing] the filing of an administrative charge is sufficient to establish the requisite causal connection." (Internal quotation marks omitted.) DuBois v.State of New York, supra, 966 F. Sup. 148. "[A] causal connection may be established indirectly by showing that the protected activity was closely followed in time by the discriminatory treatment." Hill v. Pinkerton Security InvestigationServices, Inc., supra, 977 F. Sup. 158.
In this matter, the defendant did not take adverse action directly following the filing of the plaintiff's claim for worker's compensation. Rather, the plaintiff was not fired from his position for over one year from the time that he first began to receive worker's compensation. Without the temporal connection between the protected activity and the alleged discriminatory act, the plaintiff would require direct evidence of animus towards him or evidence of disparate treatment. The plaintiff lacks this. In fact, the plaintiff has argued that other similarly situated employees, other employees who filed worker's compensation claims, were treated differently than he was; that CT Page 10933 they were not discriminated against.[6] Consequently, the plaintiff cannot use evidence of the treatment of other similarly situated employees to support his claim of retaliatory discharge. Additionally, the plaintiff has failed to come forward with any direct proof or other persuasive evidence to support this claim. Therefore, the plaintiff fails to meet his burden on establishing a prima facie case and thus fails to defeat the motion for summary judgment.
2. Discriminatory Intent: Motive
Even assuming arguendo that the plaintiff was able to meet his burden of establishing a prima facie case, the defendant would still be entitled to summary judgment because it has presented a legitimate business reason for its employment decision. The defendant, in this case, contends that it neutrally applied its Leave of Absence policy. Notwithstanding the plaintiff's claims to the contrary, this neutral application is sufficient to rebut any prima facie case of discrimination.
A significant number of jurisdictions have recognized the tort of retaliatory discharge, either through statute or judicial decision. Chiaia v. Pepperidge Farm, Inc., supra,24 Conn. App. 367. "Few courts, however, have expanded the definition of discriminatory discharge to include a discharge occasioned by the neutral application of an absence control policy to an employee who was injured and collected worker's compensation benefits."Chiaia v. Pepperidge Farm, Inc., supra, 24 Conn. App. 367. Furthermore, it is widely recognized that absence control policies that are neutrally applied, even if they make no distinction between work-related and non-work related injuries, are not per se violative of General Statutes § 31-290a. Chiaia v.Pepperidge Farm, Inc., supra, 24 Conn. App. 364-65.
Having produced this neutral and non-discriminatory reason for the employment decision, the plaintiff must overcome the rebuttal of his prima facie case by establishing that the reason offered by the defendant was a pretext or by proving discriminatory intent.
The plaintiff argues that the leave of absence policy was not the real reason for his termination. He asserts that the real reason he was terminated is because of discrimination against him for having filed a worker's compensation claim. He argues that light duty was available and that it would have been offered to CT Page 10934 him as it had been offered to other employees but for the defendant's discriminatory conduct.
Connecticut statutes § 31-290a "does not require that an employer retain an employee who is unable to perform his or her work simply because that inability resulted from work related injury." Chiaia v. Pepperidge Farm, Inc., supra,24 Conn. App. 366. The Worker's Compensation Act imposes only a limited duty on the employer to provide work for an injured employee, if it is available. Id. at 368. Legislative guidelines regarding the provision of limited duty are found in General Statutes §31-313.[7] This court finds that the plaintiff has failed to establish that the defendant did have full-time light duty available for which he was qualified.[8] Where the availability of light duty work is not proved the plaintiff must establish discriminatory intent. Consequently, without some showing that the employer had an improper motive, the plaintiff can not prevail on his claim that the defendant discriminated against him. Erisoty v. Merrow Machine Co, 34 Conn. App. 708. 713 (1994).
The plaintiff argues that this court should deny the defendant's motion for summary judgment because the issue of motive is an issue for the jury to decide. Specifically, the plaintiff argues that he was treated differently from other employees who had filed worker's compensation claims and who were offered light duty because of a discriminatory motive. Unfortunately, the plaintiff provides this court with no evidence to support this claim. The plaintiff has a duty to present facts from which a trier of fact might draw an inference of illegal motive. The plaintiff has failed to do this. Absent such evidence, there are no issues of material fact in dispute regarding motive.
IV. CONCLUSION
The plaintiff has failed to present sufficient evidence to show that he will be able to establish a prima facie case of discrimination. Even assuming a fact-finder concluded that the prima facie case was established, the plaintiff has failed to present evidence of discriminatory intent or of a pretext to overcome the defendant's production of a neutral, non-discriminatory reason for its employment decision. Accordingly, the defendant is entitled to summary judgment. Defendant's motion for summary judgment is granted. CT Page 10935
Angela Carol Robinson, Judge, Superior Court